Parker, J.,
was very clear that the construction made by the defendant’s counsel was not to be avoided. If no criminal intent is alleged and proved, there can be no judgment rendered under the statute.
Sedgwick, J.,
after stating the charge in the indictment, and
noticing that the defendant was convicted on very satisfactory evidence, proceeded as follows: —
I observe, in the first place, that none of the statutes of jeofails extend to indictments ; and therefore a defective indictment is not cured by a verdict, (a) If, then, this indictment be materially defective, the judgment must be arrested. (1)
* It is a general rule in indictments upon statutes, that, [ * 131 ] unless the statute be recited, neither the words contra formam statuti, nor any intendment or conclusion, will make good an indictment which does not bring the fact prohibited or commanded, in the doing or not doing whereof the offence consists, within all the material words of the statute. (2)
The offence which was intended to be charged against the defendant is described, in the fifth section of the statute, in these words: “ or shall have in his possession any such plate or plates, engraven in any part, or any paper, &c., devised, adapted, and designed, as aforesaid, (that is,"for the purpose of counterfeiting,) with intent to use and employ the same in forging, &fC.” Now, if the intent to use and employ the paper mentioned, for the purpose ex pressed, be a material part of the description of the offence, and if that intent be not substantially alleged by the words of the indict *126 ment, “ designed by him” then the indictment, according to the rule which I have expressed, is defective. That the intent, which accompanies the possession, is material, there can be no doubt; for a man might have the possession not only with the most innocent, but with a laudable intention. The only question, then, which can arise is whether, by the words in the indictment, “ designed by him,” there is a sufficient charge of the unlawful “intent” expressed in the statute ; and my opinion is, that there is not. I am inclined to believe that the word “ designed,” in the statute, was intended to point out the particular purpose to which the instrument or material might be applied. This opinion is founded on the connection, in the statute, of the word “ designed ” with the words “ devised and adapted.” And this opinion is strengthened by a recurrence to the preceding part of the same section, where it is said that “ if any person shall engrave, &c., or begin to engrave, &c , any plate, &c., devised, adapted, and designed, &c. The statute then goes on to describe the possession of the same instruments and material so “ devised, adapted, and designed;’” and then adds what alone, as it seems to me, constitutes the crime intended to [ * 132 ] *be punished, “ with the intent to use and employ the same,” &c., which intent refers back, and runs through all the actions previously expressed in the statute. On the whole, I am very clear that the intent mentioned in the statute is a material part of the description of the crime intended to be charged against the defendant; and that that intent is not sufficiently alleged, nor. indeed, at all alleged, by the words “ designed by him ” used in the indictment; and therefore that nO judgment can be rendered on the conviction.
Parsons, C. J.
I am in opinion with my brethren. The words “ devised, adapted, and designed,” relate to the form or the nature of the materials. They have no reference to the person having them in his possession, or to his intention. This indictment 'being on the latter clause of this fifth section, and the intent necessary to constitute the offence not being alleged, we can give no judgment against the defendant,

Judgment arrested

 Brown vs. The Commonwealth, 8 Mass. Rep. 59.

 2 H H. P. C. 193.

 2 Hawk. P. C. c. 25, § 110, and authorities there cited.-Dy. 363, pl. 25.-2 H. H. P. C. 192.—1 Leach, C. L. 12, 82, 121.