7p 495
107 137

## THE STATE *VS.* STEDMAN.

1. The same strictness is not required in this country, and at this day, in indictments at common law, as in those founded on statutes; and where the words of a statute are descriptive of the nature of the offence—it is necessary to specify the offence in the particular words of such statute.

2. But where a statute does not employ any terms, descriptive of the offence; but merely declares the punishment of an offence—known to the common law,—there, the mode of framing the indictment, will be judged of with regard to the common law rule.

3. In the case of an indictment at common law, every fact and circumstance, not a necessary ingredient, may be rejected as surplusage; and need not be proved at the trial.

4. A defendant indicted for an assault and battery, with *intent to commit* murder, may be convicted of a simple assault and battery, though there be no count in the indictment to that effect. Greater offences embrace the lesser of a kindred character.

5. The objection to a *venire*, that it contains the initials only of the christian names of several of the grand jurors, is no cause for arresting the judgment.

6. It is no valid objection to a writ of *venire facias*, that the day on which it issued was not endorsed on it, if it appear, that it was issued and received more than thirty days before the sitting of the court.

7. It is no valid objection to a *venire facias*, that it was directed " To the sheriff of Talladega county,"—the operation of the act of December, eighteen hundred and thirty-six, requiring all process to be directed " To any sheriff of the State of Alabama," is limited to process issued in the course of a suit or action, and does not extend to the writ, under which the sheriff summons a *grand* or *petit* jury for the term of a court.

8. It is no valid objection to a bill of indictment, that it was endorsed by Alexander R. Hutchinson, instead of Hutcheson, as foreman of the grand jury, though it appear by the record, that Alexander R. Hutcheson was appointed foreman by the court. If necessary, the court will intend the two names to indicate the same person.

In error to the Circuit court of Talladega county.

Indictment for an assault and battery, with intent to commit murder, tried before Judge A. Martin. Plea, not guilty. Verdict, guilty.

In the court below, the defendant moved to arrest the judgment, and also for a new trial, both of which motions were overruled.

On the trial, several questions arose, which the presiding judge, considering to be novel and difficult,—referred to this court for its decision and judgment, as directed by the statute.

The points certified for adjudication, were the following—

1. That the *venire facias* was directed to the sheriff of Talladega county, and not directed to any sheriff in the State of Alabama.

2. That the time at which the *venire facias* was issued, was not marked thereon by the clerk, or any other person.

3. That the *venire facias* did not shew the christian names of many of the persons summoned as grand jurors: and did not shew that Alexander R. Hutchinson, who returned the bill of indictment into court as foreman of the grand jury, was summoned or included in said *venire facias.*

4. That the indictment did not aver a time and place,

The State *vs.* Stedman.

to all the material allegations, nor did it describe the instrument, by which the injury was done, with sufficient certainty.    That it was inconsistent and repugnant in the description of said instrument; and that the said bill of indictment charged a felony.

The evidence was, that defendant and the prosecutor had an altercation, in which defendant presented a pistol, when plaintiff retreated ten or fifteen feet, and stooped to pick up a stone, and in that situation received the contents of the pistol in his back.

The court charged, that if defendant made the assault upon the prosecutor with a pistol, and had killed him while stooping to pick up a stone, it would have been murder :—and also, that as there was but one count in the indictment, which was for an assault and battery with intent to murder, the jury could not find defendant guilty of a common assault and battery.    Before the verdict was received, the court proposed to correct its charge in the last particular, if desired—which was declined by defendant.

The defendant assigned for error—

1. The matters of law arising upon the alleged insufficiency of the indictment.

2. The charge given by the court, as contained in the bill of exceptions.

3. The decision of the court overruling the motion in arrest of judgment.

*Martin*, for the plaintiff in error.
*Attorney General*, contra.

The State *vs.* Stedman.

COLLIER, C. J.—1. The indictment, in this case, is founded upon a statute which enacts that " every person who shall assault another with intent to commit murder, rape or robbery, shall, on conviction thereof, be amerced." The assault, as well as the battery, is charged to have been *feloniously, wilfully, and of malice aforethought, made and done, with intent feloniously, wilfully, and of malice aforethought, to kill and murder.*

It is objected to the indictment, that it charges the defendant with the commission of a felony; whereas the offence of an assault with intent to murder, is at most, a *mere misdemeanor.* The indictment is certainly not drawn with any remarkable regard to legal precision. It should have charged the defendant, with having *unlawfully* made the assault and done the beating, and then described the *intent* as follows: "him, the said Claiborne Hill, then and there, feloniously, wilfully, and of his malice aforethought, to kill and murder," &c.—(Arch. Cr. Pl. 357.)

Where the words of a statute are descriptive of the nature of the offence, there, it is necessary to specify it in the particular words of such statute—(Rex vs. Pemberton, 2 Burr. 1037; Commonwealth vs. Boyer, 2 Mass. R. 128; Commonwealth vs. Morse, Ibid, 520; see also 8 Ibid, 536; 1 Binney's R. 201; and the King vs. Jukes, 2 East's R. 30.) In the case before us, the statute does not employ any terms descriptive of the offence—it merely declares what shall be the punishment of an offence known to the *common law;* and in order to frame an indictment understandingly, we must have a regard to that branch of jurisprudence in connection with the statute.

The same strictness is not required in this country, and at this day, in indictments at common law, as in those founded on statutes. Thus, in an indictment for an offence wholly at common law, every fact and circumstance which is not a necessary ingredient, may be rejected as surplusage, and need not be proved at the trial —(The King vs. Jones, 2 B. & Ald. 611)—and if such matter be defectively stated, the accused can derive no advantage from it—(The King vs. Holt, 2 Leach, 593; The King vs. Howarth, 3 Stark. R. 26)—Nor will the statement of circumstances of gross aggravation, which are entirely useless, and even contrary to the truth, vitiate an indictment in other respects good—(Arch. Cr. Pl. 42.)

If it were conceded, as argued by the defendant's counsel, that to charge an offence to have been *feloniously* committed, is equivalent to charging the accused with having been guilty of a *felony*, though the particular act or acts constituted in themselves a trivial misdemeanor, we are not sure that the defendant would derive benefit from the concession. The term *felony*, is one, if of any, at least of very unsubstantial meaning—it neither increases nor diminishes the *quantum* of punishment, and no particular consequences follow from thus designating an offence, however serious they may have been, and even now are in that country whence our legal notions are drawn. We then conclude, that the terms "feloniously, wilfully, and of his malice aforethought," in charging the act done, are mere expletives, and may well be rejected as surplusage; while they are peculiarly proper in characterizing the *intent* with which the act was done.

The State *vs*. Stedman.

2. In regard to the second question, we think it clear, that the judge correctly instructed the jury, that if the defendant made the first assault upon the prosecutor with a pistol, and the prosecutor retreated, and stooped to pick up a stone to defend himself, which was large enough to have occasioned the defendant's death, and while thus stooping he was shot by the defendant,—had death ensued, the defendant would have been guilty of murder. The judge certainly mistook the law, when he informed the jury, that as the defendant was only indicted for an assault and battery, with *intent to commit* murder, he could not be guilty of a simple assault and battery. There can be no doubt but the greater offence embraces the lesser, of a kindred character. We cannot well conceive how, *in point of law*, the defendant could be prejudiced by such a charge. If *not guilty* of the greater offence, the jury should have acquitted, though had the law been correctly laid down by the bench, they might have been inclined to find him guilty of *an assault and battery*. Waiving, however, the consideration of this point, we think that the judge repaired his error, by the proposition to modify his instructions to the jury, after their return to the bar, and before they had delivered their verdict.

3. The objection to the *venire*, that it contains the *initial only* of the christian name of several of the *grand jurors*, furnishes no cause for arresting the judgment.— It is certainly proper that the names of the jurors should be inserted at length, in as much as it would diminish the risk of summoning an improper person. Yet we are aware that it is not always practicable for the clerk

The State *vs.* Stedman.

to observe this precaution ; as it sometimes happens that names imperfectly written, are placed in the box, from which the persons mentioned in the *venire* are drawn. To require the clerk, in such cases, to write the name at length, would be imposing upon him a duty not always easy to be performed, and which might be abused ; as it not unfrequently happens, that different persons are found in the same county, with the same surname, and the same *initial*, to designate their christian name. But in no event can the defendant be prejudiced: if there is a mistake, and one who was not drawn, summoned on the *venire*, the defendant may plead in abatement.

Even *admitting* that the *venire facias* is such process as is embraced by the act of eighteen hundred and nineteen, which directs that " The clerk or attorney, issuing process, shall mark thereon the day on which such process issued"—(Aik. Dig. sec. 114, p. 278,) and then the want of the indorsement would not be fatal to the writ. It is clear that that law is merely directory. The teste of the writ, and the acknowledgment of its receipt by the sheriff, both show, that it was issued and received more than thirty days before the sitting of the court, to which it was returnable.

It can avail the defendant nothing, that the bill of indictment was endorsed by Alexander R. *Hutchinson*, instead of *Hutcheson*, as *foreman of the grand jury ;* though it appears by the record that Alexander R. Hutcheson was appointed foreman by the court. If necessary, we would intend the two names to indicate the same individual : the more especially as the record discovers that

the grand jury *themselves* returned the bill, " *a true bill.*"

It is further objecte .. that tl e *venire facias* is defective, ·
in being directed " To the sheriff of Talladega county ;"
in as much as the act of December, eighteen hundred
and thirty-six, (acts of 1836, p. 25,) requires, " that here-
after, all original mesne and final process, issued from
the clerk's office of any court in this state, shall be di-
rected ' to any sheriff of the State of Alabama.' "    This
statute, in employing the t∴rms *original, mesne, and final,*
clearly limits its operation to process in the course of
any suit or action, and does not extend to the writ un-
der which the sheriff summons a *grand* or *petit* jury for
the term of a court.

In the points referred to this court, ·there is no erorr
thus far : the judgment of the Circuit court is conse-
quently affirmed, and a certificate ˥ ₛdirected to issue ac-
cordingly.