Chief Justice Watkins delivered the opinion of the Court. The appellant was indicted for an assault with' intent to kill “ one Rice, whose Christian name is to the grand jurors aforesaid unknown.” The jury, upon the evidence,- found the' defendant f‘not guilty in manner and form- as alleged in this indictment; but we do find him guilty of a simple assault, and assess his fine to the sum of” &c. The witnesses, on the part of the State, who proved the offence, testified that they did not know the Christian name of Rice, that he was captain of the steamboat Shields, and called Captain Rice. The defendant then introduced one of the grand jurors, who preferred the indictment, as a witness, who testified that Rice’s Christian name was Wilson C.; that he knew his name before he ivas on the grand jury, but could not think of it at the time the indictment was preferred ; that he thought he would refer the prosecuting attorney to a witness who knew the Christian name of Rice, but forgot to do so. The defendant then proved by the witness, to whom the grand juror referred, that he was in attendance during the term of the court at which the indictment was preferred, and within call of the grand jury. That; the Christian name of Rice was Wilson C., and he had known it for several months prior to that time. The defendant moved for a new trial, and excepted to the decision of the court overruling his motion. The question' of law is raised upon this record, whether, upon an indictment for a felony, the defendant could be convicted of a misdemeanor. The offence charged, being punishable by imprisonment in the penitentiary, is a felony, (Acts of 1838, p. 28,) and a distinction is taken between this case and that of McBride vs. The State, (2 Eng. 374;) but it would seem from the report of that case, that the accused was indicted for an act which the statute made felony, and not for the attempt to commit it, as might be inferred from the opinion. But no fault is to be found with the case of McBride v. The State, if it had gone to the full length of holding that, upon an indictment for a felony, the accused maybe convicted of a misdemeanor, where both offences belong to the same generic class, where the commission of the higher may involve the commission of the lower offence, and where the indictment for the higher offence contains all the substantive allegations necessary to Jet in proof of the misdemeanor. In the case of The People vs. White, (22 Wend. 177,) the supreme court of New York had to consider the. common law doetrine that a party cannot be indicted for a felony and found guilty of a misdemeanor, and they say, “clear as the doctrine is on English authority, it seems to be still clearer with us” the other way. Because the only reasons assigned for the rule in England, that if the accused be indicted for a felony, and the prosecutor could change the order of proceeding by bringing him to trial for a misdemeanor only, he might thereby be'deprived of some advantages which the charge of felony secured to him, i. e. to have a copy of the indictment, to make his full defence by counsel, and to have a special jury. None of these reasons have any foundation under the act of criminal procedure in this State. The same course of decision appears to prevail in most if not all the courts of the United States except Massachusetts. Of many cases that might be cited, that of The State vs. Steadman, (7 Porter 500,) is directly in point. That was an indictment for an assault with intent to commit murder, and the court say, “ There can be no doubt but the greater offence embraces the lesser of .a kindred character.” We cannot well conceive how, in point of law, the defendant could be prejudiced by such a charge, i. e. that, upon such an indictment, the jury might find the defendant guilty of an assault and battery. In Massachusetts, the English rule was designed to be adhered to in the case of Com. v. Newell, (7 Mass. —,) where the court went so far as to hold that, if the indictment failed to make out a case of felony, but contained a sufficient charge of a misdemeanor, the defendant could not be convicted of the misdemeanor. In The Com. vs. Cooper, (15 ib. 186,) the distinct point was that a prisoner well indicted for a rape, might be convicted of an assault with intent to commit rape, if the evidence failed to establish the higher offence. In The Com. v. Raby, (12 Pick. 506,) where the question was whether a conviction upon an indictment for an assault with intent to commit murder, could be pleaded in bar of an indictment for murder, the court thought it necessary to their decision that it could not, to approve of the case in 7 Mass., and condemn that in 15 ib. And in the subsequent case, of Com. vs. Squire, (1 Metcalf 261,) the point decided in Com. vs. Newell, is overruled. We see no good reason why a party accused can complain of the rule as we have stated it. If the indictment fails to allege a substantive felony, as where the acts, though .alleged to have been done with a felonious intent, do not constitute felony, one of iw.o consequences must follow; either that the indictment is bad, and would be so adjudged in arrest, or that the allegations of the felonious intent would be rejected as surplusage, and the defendant put upon his trialfor the misdemeanor, if well charged. If the felony be well charged, he is put upon trial as for the higher offence; and, of course, has the benefit of a copy of the indictment, the venire and the number of peremptory challenges allowed by law in all cases of felony. If, on such trial, he be convicted of the lesser offence, it is tantamount toan acquittal, so as to bar another prosecution for any higher offence charged in the former indictment, of which he might have been .convicted under it, and which the jury, in legal contemplation, did pass upon. True, it is holden, and our opinion for the purposes of this case, need not go into any such inquiry, that in offences of the same class, though differing in degree, as murder and manslaughter, if the accused be indicted for manslaughter only, the acquittal or .conviction is a bar to a subsequent prosecution for the higher grade of the crime, and which may be regarded as an election on the part of the prosecution to proceed for the lower grade. Nor need we follow out the inquiry in what cases a party on trial can not be convicted, because it turns out, in evidence, that he is guilty of a higher offence, which merges the one for which he is indicted. Here the party is distinctly charged with the higher of-fence; the indictment is notice to him of the ingredients which constitute the lesser offence, he has all the advantages secured to him, as if on trial for the felony, though convicted only for a misdemeanor, and is amply protected by the verdict against an after prosecution for any offence included in the former indictment. The other question sought to be raised on this record, is whether the defendant could be convicted upon the evidence at the trial, conducing to show that the Christian name of the party assaulted was not unknown to the grand jury. It is clear that the appellant cannot have the benefit of any such question, as if in arrest of judgment, or on error for insufficiency of the indictment. Because, though the indictment ought to state the name of the party injured, it will not follow, and the law does not tolerate, where, from the nature of the case, that cannot be done, the offender should escape, though it be clear that he has committed the offence against some one. The solemn affirmation of the grand jury, that the name of the person injured is, in part, or wholly unknown, or that the person injured is unknown to them, must be regarded as prima facie true, and sufficiently certain to require the defendant to answer it, as the nearest approximation to a specific charge that can be made. So it was held in Com. vs. Thompson, (2 Cushing 551,) on motion in arrest of judgment, where the reasons are well given, and we have met with no case to the contrary. But, on the other hand, in order that the defendant may be apprised of the accusation against him, the rule is imperative that the indictment should set forth the name of the party injured, where the case admits of it, and that the defendant cannot be convicted bn the trial if there be any material variance in this respect between the allegation and the proof. Although an indictment, alleging the name of the party injured is unknown to the grand jury, be good on its face, it cannot be true that this being so, is a license for a careless and heedless disregard of the rights of the accused. If this allegation be not sustained by proof, the question is how, and to what extent, may the defendant avail himself of the objection. In Rex vs. Bush, (1 Rus. & Ryan 372,) on a case reserved, the defendant was held to be well convicted on the indictment for receiving goods alleged to have been stolen by certain persons, to the grand jurors unknown, though it was proved on the trial, that the same grand jury had returned a bill against a named person for the principal offence of stealing the same goods. In Rex vs. Walker, (3 Camp. 264,) the judge, at the assizes, directed an acquittal, where the defendant was indicted as accessory to a larceny by a certain person, to the jurors unknown, be<cause it turned out in evidence on the trial of the accessory that the principal had been before the grand jury, his name being endorsed on the bill as a witness, and who acknowledged that he had stolen the goods in question. So, in Req. vs. Campbell. (1 Car. & Kirwan,) the accused was indicted for killing one Catharine Macginnis, and charged in one of the counts with killing a certain woman whose name is to the jurors unknown. The evidence on the trial left it doubtful what the name of the woman was, and the judge seems to have put it to the jury to say whether the name of the deceased could be ascertained by any reasonable diligence, and if not, the description of her as a person unknown was proper. So, in the case of Reg. vs. Stroud, (ib. 187,) on a case reserved, a conviction for child murder was set aside because the first count in the indictment alleged the name of the infant to be Harriet Stroud, when the proof showed it had only acquired the name of Harriet, and not that of Stroud; and the proof prevented a conviction on the second count charging the infant to have been a female of tender years, whose name is to the jurors unknown, because the name was Harriet; and it was held the indictment should have .charged that to be the name of the infant. It might be worth while to consider how far this arid decisions of the like character in England may have been influenced by the humanity of the judges in order to mitigate the severity of the law. The judges there however held the rule to be that in order to sustain a count for an offence against one whose name the indictment alleges to be unknown to the grand jury, there must be evidence showing that the name could not reasonably be supposed to have been known to the grand jury. The only safe rule is that the allegation in question is a material one traversed by the plea of not guilty, and must be sustained, and may be rebutted by proof. The inquiry is not whether the grand jury could by any possibility have ascertained the name of the pérson which they aver to be unknown, but whether the traverse jury can find from the evidence that it was known to the grand jury, or can reasonably suppose that they could have ascertained it by due enquiry on the p.art of the prosecution. Here, if there had been no evidence going to show that the name of the person assaulted was unknown, or positive proof that it was known, the court below should have charged the jury what was necessary to make out the case, or directed them to acquit. For the like reason, if the verdict was greatly against the weight of evidence, the judge at the circuit should have granted a new trial. But there was evidence on both sides, from which the jury might well have found the fact to be either way, i. e. that the name was unknown, or that the grand jury might have known it, by reasonable diligence. No instructions were asked for to the jury; so that no question of law is raised, because we cannot know whether the jury took an erroneous view of the law or not. The defendant stands as electing to submit the law of his case to the jury, who, in the absence of instructions from the court, have to apply the law to facts as they best can, and the bill of exceptions does not present a case where this court ought to decide that the verdict was contrary to law or without evidence, so that the court below erred in refusing to grant a new trial. 1 We have a statute to the effect that when a defendant shall have been acquitted of a criminal charge, upon a trial, on the ground of a variance between the indictment and proof, he may be tried and convicted on a subsequent indictment for the same offence. Supposing this statute to be constitutional, questions might arise under our criminal practice, how the fact, that the defendant was acquitted upon such ground, is to be established, and whether a failure to prove the name of the person injured to be' unknown, as alleged, would be a variance of that description; whether the judge should of his own inotion direct the jury to acquit on the ground of a variance, or whether the exercise of such a power on his part would be in derogation of any right of the accused put upon his deliverance to have his case passed on by the jury. Our opinion here is not affected by any such difficulty. Where the fact of the'acquittal for variance really exists, no matter' how it is made to appear, it would-be the duty of the court to hold an accused acquitted, on such ground, in custody or under recognizance, to the end that a new indictment might be pre-feri’ed. The argument for the appellant proceeds upon the idea that the allegation in the indictment as to the name of the party injured, was not proven, which may be altogether consistent with the fact that the offence was actually committed, and that being clearly proved in this case, whatever discretion the court below had upon the motion for new trial, was rightly exercised-in-overruling- it. The judgment will be affirmed.