STATE *v.* GOVE AND WIFE. — STATE *v.* CARD.

Where the words of the statute are descriptive of an offence, the indictment must follow the language of the statute, and expressly charge the respondent with the commission of the described offence in the words of the statute, or their equivalents, else it will be defective.

Where a particular intent is essential to constitute a crime, that intent must be distinctly averred in the indictment.

Where a statute makes criminal the doing of the act, " *willfully and maliciously,*" it is not sufficient for the indictment to charge that it was done " *feloniously*

*and unlawfully,"* or *"feloniously, unlawfully and willfully;"* these latter terms not being synonymous, equivalent, of the same legal import, or substantially the same as *" willfully and maliciously."*

Defective description of the offence charged is not one of the points in which an indictment is cured by a verdict, but the same is equally fatal upon a motion in arrest of judgment, as upon demurrer, or a motion to quash.

Where an offence, as described in the indictment, is punishable at common law only, although the indictment aver it to have been committed against the form of the statute, the conclusion may be rejected as surplusage, and the indictment be good as for a common law offence.

But when, what was a misdemeanor only at common law, is made punishable as a felony by statute, or where the statute declares a common law offence, committed under peculiar circumstances and with a particular intent, not necessarily included in the original offence, punishable in a different manner from what it would be without such circumstances and intent, an indictment for the statute offence, bad as such for insufficient or defective description, will not be good at common law.

## State *v.* Gove and Wife.

INDICTMENT, containing two counts. The first count alleged that the defendants, on the 7th of May, 1856, at Somersworth, in this county, " with force and arms feloniously and unlawfully did set fire to, burn and consume a certain building of Stephen S. Chick and George W. Wendell, called a store," not being a dwelling-house, &c.

The second count was like the first, except that the building was described as a warehouse. It was not alleged in either `count that the act was done by the defendants " willfully" or " maliciously."

The defendants were tried on the plea of not guilty, and the jury returned a verdict of guilty against them both.

The defendants moved in arrest of judgment, because the indictment did not allege, in the terms of the statute, that they burnt the building " *willfully and maliciously.*"

## State *v.* Card.

INDICTMENT, alleging that the defendant, at Dover, on the 22d of September, 1856, " feloniously, unlawfully and willfully did

set fire to, burn and consume a certain barn," not being a dwelling-house, &c., contrary to the form of the statute. The indictment did not allege that the act was done maliciously.

The defendant moved to quash the indictment because the act was not alleged to have been committed "willfully and maliciously," in the terms of the statute.

*Doe*, for Clarissa Gove.

"Willfully and maliciously" being of the description of the offence, the indictment is bad, unless the terms used are equivalent to those of the statute. "Feloniously" is a general, technical term, essential to all indictments for felony. Its place cannot be supplied by any other word, and there is no authority that it can supply the place of any other. The offence charged is not a felony at common law. "Feloniously," therefore, is repugnant, and vitiates the whole indictment, unless it is rejected as surplusage, and if rejected it cannot supply another defect. The indictment cannot be saved once by rejecting it as in itself improper, and again by retaining it as a substitute for something omitted. *Com.* v. *Squire*, 1 Met. 258 ; Wharton Cr. L. 143.

"Unlawfully" does not include "willfully." *Rex.* v. *Davis*, 1 Leach C. C. 556, cited in Wharton Cr. L. 136, and Train and Heard Prec. 29.

Neither "unlawfully" nor "feloniously" convey any idea of willfulness or malice. Felony means forfeiture. 4 Bl. Com. 95. Larceny and other felonies are selfish and not malicious crimes. If "feloniously" or "unlawfully" include maliciously in burning, why do they not include "traitorously" in treason, "malice aforethought" in murder, "burglariously" in burglary, "falsely" or "corruptly" in perjury, the intent to defraud in forgery, and *vi et armis* in all offences amounting to actual disturbance of the peace ?

The definition of arson at common law is "the willful and malicious burning of the house of another," and in an indictment for that offence, "willfully" (or "voluntarily") and "maliciously," are necessary, as well as "feloniously." Wharton Cr. L.

537 ; Train and Heard Prec. 29 ; 1 Hawk P. C., ch. 39, sec. 5 ; 1 Gabbett Cr. L. 78 ; 1 Hale P. C. 567 ; 2 East P. C. 1033 ; and so is every published form. Wharton Prec. 183 ; Waterman's Archbold 485, 45 ; Bell's Justice 341, (Ed. 1856;) Davis' Justice 304.

If " maliciously" is indispensable at common law, it certainly must be so under the statute, for the statute carefully repeats the common law definition. Though a statute relating to burning had not the words " willfully and maliciously," yet they were considered necessary in an indictment, for malice is of the essence of the offence. 2 East P. C. 1021, 1033. " Feloniously" can not be substituted for " unlawfully," when the latter is used in the statute. Authorities cited in Train and Heard Prec. 29.

*Wheeler*, for Card.

*Hamlin*, Solicitor, for the State.

In the English practice indictments are required to follow the language of the statutes with a considerable degree of strictness, the reason given being that it is *in favorem vitæ*. No such reason exists here for very nice distinctions respecting indictments for arson.

Under our law, technical objections should not be so much favored in criminal prosecutions as under the much more severe statutes of England in former times. *McKinney* v. *People*, 2 Gilman 540.

In an indictment for a statute offence it is sufficient if the offence is substantially set forth, though not in the exact words of the statute. *U. S.* v. *Bachelder*, 2 Gallis. 15, (cited U. S. Dig., vol. 2, p. 528, no. 253.)

A variance between the language of the statute creating the offence, and the indictment, will not vitiate the indictment if the words used in the indictment are equivalent to those of the statute. *State* v. *Hickman*, 3 Halst. 299 ; see, also, *Rex* v. *Fuller*,

1 B. & P. 180 ; 5 U. S. Dig., p. 148, no. 85 ; do. for 1849, p. 276, no. 16.

" Feloniously " — " malignantly " — Worcester's Dictionary ; " felonious " — " malicious " — Webster's Dictionary. Can an act be felonious, that is, malignant, and not be willful also ?

In general, an indictment need not adopt the very words of the statute ; the same substance to a reasonable intendment, is sufficient. *State* v. *Little*, 1 Vt., cited 2 U. S. Dig., p. 528, no. 256.

The statute on which an indictment was framed enacts that every person who shall *maliciously* or *mischievously* destroy or injure, or cause to be destroyed or injured, any property of another, &c. The indictment charged that the defendant did *unlawfully* destroy a certain mare, &c. *Held*, that the indictment was sufficient. *State* v. *Slocum*, 8 Blackf. 315, cited U. S. Dig. for 1848, p. 261, no. 41.

There would seem to be no room for doubt, that "*feloniously*" is equivalent to, or rather, of more extensive signification, than " *maliciously*," and includes it ; consequently the indictment is sufficient under the statute.

But if rejected as insufficient under the statute, it is good at common law.

The words, " *contra formam statuti*," may be rejected as surplusage. *State* v. *Buckman*, 8 N. H. 203.

Arson at the common law extended to the burning not only of dwelling-houses, but of all out-houses, parcel thereof, such as barns, stables, &c., though not contiguous thereto. 1 Hale 567.

The common law accounted it felony to burn a single barn in the field, if filled with hay or corn, though not parcel of the dwelling-house. 4 Black. Com. 221. See, also, statute of 9 Geo. I., chap. 22, which is supposed to be a part of the laws adopted prior to and at the time of the formation of our Constitution.

FOWLER, J. These indictments were both intended to be founded on the second section of the 215th chapter of the Revised Statutes, which enacts, that if any person shall willfully

and maliciously burn any vessel lying within the body of any county, or any bridge, or any building, other than a dwelling-house or out-building adjoining thereto, or a building whereby a dwelling-house shall be burned, he shall be punished by solitary imprisonment not exceeding six months, and by confinement to hard labor not less than two nor more than twenty years.

The indictment against Gove and wife avers that the respondents, with force and arms, did "*feloniously and unlawfully*" set fire to, and consume the store or warehouse therein described. The exception taken is that it does not allege that the respondents burned the store or warehouse "*willfully and maliciously*," as the statute requires it should have done, to describe with legal accuracy the offence intended to be charged.

The indictment against Card alleges that the respondent "*feloniously, unlawfully and willfully*" did set fire to, burn and consume a certain barn, &c. It is objected that it does not allege the burning to have been done "*willfully and maliciously.*"

It is a well established general rule of criminal pleading in relation to offences created by statute, that where the words of the statute are descriptive of the offence, the indictment must follow, substantially at least, the language of the statute, and expressly charge the respondent with the commission of the offence as described, or it will be defective. The respondent must be brought within all the material words of the statute, and nothing will be taken by intendment. Wharton's Cr. Law 185, and authorities; 1 Chitty's Cr. Law 281, 2, 3; 1 Archb. Cr. Plead. 50; *People* v. *Allen*, 5 Denio 76.

Where a particular intent is essential to constitute a crime, that intent must be distinctly alleged in the indictment. *People* v. *Lohman*, 2 Barber's S. C. 216; *Gabe* v. *State*, 1 Eng. 519; *Commonwealth* v. *Morse*, 2 Mass. 128.

There can be no doubt that the words, "willfully and maliciously," in the statute under consideration, are descriptive of the offence defined — are an essential portion of that description. The burning must be willful and malicious — done with a willful and malicious intent — or the statute offence is not committed.

Whether or not it is in general necessary to follow the precise words of the statute in charging a statutory offence, or sufficient to set it forth with substantial accuracy in equivalent or synonymous terms, there is considerable conflict of authority. Some text books and decisions prescribe the rule, that the exact language must be followed, while others declare it to be sufficient that words synonymous, equivalent, of the same legal import, substantially the same, should be employed. Hawkins P. C. 62, ch. 25, sec. 96 ; Bac. Abr., Indictment, G, 1 ; *State* v. *Stedman,* 7 Porter 495 ; Wharton's Cr. Law 185 ; *United States* v. *Batchelder,* 2 Gallison 18 ; *Rex* v. *Jeffries,* 4 D. & E. 767 ; *State* v. *Little,* 1 Vt. 534 ; *State* v. *Keene,* 34 Me. (4 Bedf.) 503 ; 1 Chitty's Cr. Law 241.

Admitting the latter to be the better established rule, we are fully satisfied that neither "*feloniously and unlawfully,*" as in the indictment against Gove and wife, nor "*feloniously, unlawfully and willfully,*" as in that against Card, are synonymous, equivalent, of the same legal import, or substantially the same, as the statute words, "*willfully and maliciously.*" Wharton's Cr. Law 189 ; *Rex* v. *Davis,* 2 Leach 556 : *Rex* v. *Jukes,* 8 D. & E. 536.

These indictments, then, having employed neither the essential words of the statute, or their synonyms, or equivalents, in describing the offence charged, must be held bad upon demurrer, or motion to quash, and the verdict, in the case of Gove and wife, does not cure the defect.

At common law, any objection to an indictment, that would have been fatal on demurrer or motion to quash, was in general equally fatal upon a motion in arrest of judgment. *Commonwealth* v. *Morse,* 2 Mass. 128 ; *Brown* v. *Commonwealth,* 8 Mass. 59 ; *Commonwealth* v. *Child,* 13 Pick. 198 ; 4 Black. Com. 324 ; 1 Chitty's Cr. Law 442, 663 ; *Commonwealth* v. *Northampton,* 2 Mass. 116.

And although there are several points in which an indictment is cured by a verdict, defective description of the offence charged is not one of them. Wharton's Cr. Law 974, 975, and authorities.

It is suggested, that although these indictments may be bad as not sufficiently describing the statute offence intended to be charged in them, they may, nevertheless, be good as describing offences at common law ; the conclusion, " contrary to the form of the statute," being rejected as surplusage.

It is true, that where an offence, as described in the indictment, is punishable at common law only, although the indictment avers it to have been committed against the form of the statute, it may be regarded as well settled, that the conclusion against the form of the statute may be rejected as surplusage, and the indictment be good for an offence at common law. *State* v. *Buckman*, 8 N. H. 205, and authorities.

But this rule is only applicable to indictments for acts which are not punishable specially by statute ; and when, what was a misdemeanor only at common law, is made punishable as a felony by statute, or where the statute declares a common law offence, committed under peculiar circumstances and with a particular intent not necessarily included in the original offence, punishable in a different manner from what it was or would be without such circumstances and such intent, an indictment for the statute offence, bad as such for insufficient description, will not be good at common law, for an indictment at common law no longer lies in such case. Wharton's Cr. Law 80 ; *People* v. *Enoch*, 13 Wendell 159 ; *Rex* v. *Cross*, 1 Ld. Raymond 711 ; 3 Salkeld 193 ; *Commonwealth* v. *Newell*, 7 Mass. 245 ; *Commonwealth* v. *Gable*, 7 Serg. & Rawle 423.

But it is unnecessary to pursue this inquiry further, for we apprehend that the indictments under consideration do not describe any offence known to the common law in such a manner as would be requisite to render them valid.

These indictments, therefore, being fatally defective in not alleging the offence charged, in the material language of the statute descriptive of the same, or its equivalent, the motion in arrest of judgment in one case, and that to quash in the other, must prevail.