Dover Municipal Court,
No. 5118.

STATE

*v.*

ELIZABETH HAMSON.

Argued April 2, 1963.

Decided May 28, 1963.

**528**

*William Maynard,* Attorney General, and *Irma A. Matthews,* Law Assistant (*Mrs. Matthews* orally), for the State.

*Philip C. Keefe* (by brief and orally), for the defendant.

BLANDIN, J. The first question presented is whether the complaint is defective because the precise language of RSA 262:15-a (supp) was not used. The pertinent parts of this statute read as follows: "Whoever upon any way operates a motor vehicle in a grossly careless or grossly negligent manner which said operation does not constitute reckless operation . . . and which does not result in the death of any person, shall be fined . . . . Grossly careless or grossly negligent operation, for the purposes of this section shall be that manner of operation . . . which, although short of willful and intentional wrong, is marked by more want of care than simple inadvertence and is carelessness substantially and appreciably higher in magnitude than ordinary negligence or carelessness, or a high degree of indifference to the operator's duty."

The long-established test in this state to determine whether a complaint is sufficiently definite in its terms is to inquire whether it states the charge so that the defendant may understand it and prepare for trial. *State* v. *Ellard,* 95 N. H. 217. There is no requirement that the express language of the statute be used, provided that the defendant knows what issues he must meet. *State* v. *Turgeon,* 101 N. H. 300, 303. Here not only was it alleged that the defendant operated her automobile in "a grossly careless and grossly negligent manner," but the specific acts pur-

portedly constituting such grossly careless and grossly negligent conduct were set forth. *State* v. *Turgeon, supra,* 303. In this latter respect the case is distinguishable from *State* v. *Gilbert,* 89 N. H. 134, relied upon by the defendant, where the conduct constituting the crime was not fully described.

In short, while it is true, as argued by the defendant, that section 15-a (supp) does create a new offense (*State* v. *Turgeon, supra,* 302-303), it appears clearly that the defendant could gather from the allegations precisely what she was accused of. Therefore, her exception that the complaint failed to fully and completely charge the offense is overruled. *State* v. *Hazzard,* 104 N. H. 94, 95.

A further issue raised by the defendant is that evidence of her admission to the police that she was driving the car involved in the accident should not have been received since, although she claims that she was in "a sort of custody," she was not warned of her constitutional rights before being questioned by the officer.

The disputed evidence consisted of an admission and its admissibility depends upon whether it was voluntary. *Colburn* v. *Groton,* 66 N. H. 151, 154. See also, *State* v. *Lavallee,* 104 N. H. 443. An admission may be found to be voluntary though the accused has not been warned of her rights under Part I, Article 15th of the New Hampshire Constitution. *State* v. *Wentworth and Stone,* 37 N. H. 196; see *State* v. *Goyet,* 120 Vt. 12; *People* v. *Davis,* 10 Ill. 2d 430; 2 Wharton's Criminal Evidence (12th *ed.*) *s.* 362.

There is not the slightest evidence of any intimidation, threats, promises, inducements, coercion or any action by the officer to whom the admission was made which would have had a tendency to overbear her will. *Cf. Reck* v. *Pate,* 367 U. S. 433, 440. The finding of the Trial Justice that her admission was rational and voluntary in the sense required by the Fourteenth Amendment of the Federal Constitution and that there was no invasion of her rights under that Constitution is sustainable. See *Townsend* v. *Sain,* 83 S. Ct. 745; *Lynumn* v. *Illinois,* 83 S. Ct. 917.

The fact that she was injured and still upset when questioned by the officer some three hours after the accident goes merely to the weight of the evidence and does not forbid the reception of her admission. *Commonwealth* v. *Smith,* 374 Pa. 220; Wharton's Criminal Evidence (12th *ed.*) *s.* 386, *p.* 120. On the entire record, the admission of the defendant, coupled with other evidence,

was sufficient to sustain the conviction (see *State* v. *Douglas*, 102 N. H. 525, 526), and the order is

*Exceptions overruled.*

All concurred.