Cheshire
No. 85-340

THE STATE OF NEW HAMPSHIRE

v.

RAYMOND BREWER

April 9, 1986

*Stephen E. Merrill,* attorney general (*William H. Lyons,* assistant attorney general, on the brief, and *Kathleen A. McGuire,* attorney, orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J. The defendant challenges the sufficiency of an indictment leading to his conviction for witness tampering, RSA 641:5, I(a). We affirm.

The indictment stated that the defendant "intentionally" attempted to induce one Elila Hadley to testify falsely in pending proceedings against him. Prior to trial the defendant moved to quash the indictment on the ground that it did not allege a culpable mental state as provided in RSA 626:2, and hence did not inform him of the charge with sufficient specificity. The Superior Court (*O'Neil,* J.) denied the motion, and the defendant was tried and convicted.

On appeal the defendant makes the following argument:

(1) one is guilty of a crime only if he acts "purposely, knowingly, recklessly or negligently" with respect to each material element of the offense, RSA 626:2, I;

(2) although RSA 641:5, I, does not specify which of these culpable mental states applies to the offense of wit-

ness tampering, in such a case the State must prove that the defendant acted purposely, *State v. Kilgus*, 125 N.H. 739, 743, 484 A.2d 1208, 1212 (1984); *see State v. Aldrich*, 124 N.H. 43, 466 A.2d 938 (1983); and

(3) the indictment here stated that the defendant acted "intentionally," rather than "purposely," and hence failed to allege the requisite *mens rea* and should have been quashed.

We need not tarry in considering this argument. An indictment is sufficient if it sets forth the offense "fully, plainly, substantially, and formally." RSA 601:4. We never have held that an indictment must follow precisely the language of the statute on which it is based. "It is not in general necessary, in an indictment for a statutable offence, to follow the exact wording of the statute. It is sufficient, if the offence be set forth with substantial accuracy and certainty to a reasonable intendment." *United States v. Bachelder*, 24 F. Cas. 931, 932 (C.C.D.N.H. 1814) (No. 14,490) (Story, J.). *See State v. Hamson*, 104 N.H. 526, 528, 191 A.2d 89, 91 (1963); *State v. Gove*, 34 N.H. 510, 516 (1857). "Purposely" and "intentionally" are synonymous, and the grand jury's use of the latter term in the indictment is unobjectionable. *See Makley v. State*, 49 Ohio App. 359, 368, 197 N.E. 339, 344, *petition dismissed as moot*, 128 Ohio St. 571, 192 N.E. 738 (1934); BLACK'S LAW DICTIONARY 1112 (5th ed. 1979); *cf. State v. Monahan*, 125 N.H. 17, 24–25, 480 A.2d 863, 867–68 (1984) ("with the purpose of" in lieu of "purposely" held sufficient).

*Affirmed.*

All concurred.