## STATE *vs.* BUCKMAN.

Where an indictment for a common law offence concludes, *contra formam statuti*, such conclusion may be rejected as surplusage.

Where an individual was indicted for throwing into a well the carcase of an animal which tainted and corrupted the water used by a family, it was *holden* to be an indictable offence at the common law.

THIS was an indictment against the respondent for knowingly and maliciously putting the carcase of an animal into a well of water belonging to one David Wilson, situated near said Wilson's dwelling house, and from which the respondent well knew the said Wilson, and his wife and family, were in the daily and constant habit of drawing water and drinking and using the same; and the indictment alleged that by reason of putting said carcase into said well the water thereof became greatly corrupted, unwholesome and poisonous, and the said Wilson and his wife and family became greatly injured in health thereby. All which is contrary to the form of the statute in such case made and provided, &c.

On trial upon this indictment, the respondent was found guilty, and motion was made in arrest of judgment, for the reason that there was no statute on which the indictment was founded ; also, that the act alleged did not constitute an indictable offence at common law.

*Gove*, attorney-general, for the state.

Upham, J.   There is no statute upon which this indictment can be founded.   By the act "to prevent common nuisances," it is made penal to lay or leave any dead beast or carrion within the compact part of any populous town within this state, (1 *Laws N. H.* 160,) but that statute cannot be made to apply to this case.   The penalty there affixed bears no proportion to the aggravated nature of the charge here alleged ; and there is nothing in that statute to induce us to believe that it was designed to bear upon acts of this character, and there is no other statute upon which this indictment can be sustained.

The allegation being that the offence was contrary to the form of the statute, and there being no statute upon which it is founded, judgment cannot be rendered unless the words, *against the form of the statute*, can be holden as surplusage, and the charge as made shall be found to constitute a common law offence, in both of which particulars it is contended that the indictment cannot be sustained.

Where an offence as described in the indictment is punishable at common law only, and yet the indictment avers it to have been done against the form of the statute, it was formerly doubted whether the indictment was good at common law.   Lord Hale was of opinion that if the offence was not within the words of the statute, and the indictment concluded *contra formam*, it should be quashed, though the offence described was indictable at common law.   2 *Hale P. C.* 171 ; *Cro. Eliz.* 231, *Penhallow's case ; Cro. Ca.* 465, *Chomley's case ;* 2 *Rol. Ab.* 82.   But in numerous in-

stances since, it has been holden that such words may be regarded as surplusage, and the law on this point may now be considered as perfectly settled in conformity to the later decisions.    2 *Haw. P. C. ch.* 25, *s.* 115, 116 ; 1 *Ld. Ray.* 149 ; 2 *ditto* 1163 ; 5 *D. & E.* 163, *King* vs. *Matthews ;* 1 *Chitty Crim. Law* 289 ; 1 *Saund.* 135, *n.* 3.

The only objection, then, remaining, is, whether the charge alleged is an offence subject to indictment at common law.

There is no question but the respondent was guilty of causing a nuisance of the worst character, and which tended seriously to affect the health of the complainant ; but a nuisance which merely affects an individual is not punishable by indictment.    The only remedy is by civil suit, and then only in cases where there has been special damage. *Co. Lit.* 56 ; 5 *Rep.* 73 ; 3 *Black. Com.* 219.

There is a provision of the common law, however, for prohibiting offences which are strongly analogous to this. Thus the selling of unwholesome provisions, or the mixture of poisonous ingredients in food or drink designed for any individual, are indictable offences at common law, whether done through malice or a desire of gain merely.    2 *East's P. C.* 822 ; 6 *East* 133 ; 3 *Mau. & Sel.* 10 ; 4 *Camb.* 10 ; 2 *Chit. Crim. Laws* 557, *note.*

It is not the act of *selling* which is designed to be prohibited.    Furnishing such provisions in any manner, or causing such unwholesome matter to be used, constitutes the offence.    There can be no question but the mixture of poisonous ingredients with the food or drink of another to such an extent as to impair the health of any individual receiving them, is punishable by indictment at common law ; and water infected with the noisome particles and effluvia of a dead animal thrown into it, must partake of a character so poisonous and unwholesome as properly to come within this class of offences.    The fact that it was a wanton and malicious act will not exclude it from offences of this descrip-

tion. On this ground we have no hesitation that the indictment may be sustained as charging an offence at common law.

*Judgment against the respondent.*