# THE STATE *vs.* COPP.

An order made by a justice of the peace during the trial of a cause before him, that a bystander should be removed from the court room, need not be entered of record, and may be proved by parol evidence.

A justice of the peace, in the progress of a trial before him, has the power to cause any person to be removed from the court room, whose presence, in the exercise of a sound judicial discretion, he deems prejudicial to the interests of justice.

In an indictment for resisting a deputy sheriff in the discharge of his duty, it is unnecessary to set forth the specific acts of resistance complained of.

Where, upon the trial of an indictment for resisting a deputy sheriff in the discharge of his duty, it appeared that the prisoner resisted an officer who was directed by a justice of the peace to remove the prisoner from the court room in the course of a trial before the justice, it was *held* that the order, and the resistance thereto, need not be stated in the indictment.

A descriptive averment in an indictment must be proved as laid.

If, however, an averment may be entirely omitted without affecting the charge against the prisoner, and without detriment to the indictment, it may be disregarded in evidence.

In an indictment for resisting a deputy sheriff in the discharge of his duty, an averment that the sheriff was "legally appointed and duly qualified," is descriptive, and must be proved.

In such case, the whole averment of an assault upon a deputy sheriff cannot be omitted without affecting the charge against the prisoner.

INDICTMENT, for resisting a deputy sheriff in the discharge of his duty.

The indictment alleged that on the 19th day of February, 1844, the respondent assaulted and beat one John M. Rowell, then and there being one of the deputy sheriffs in and for the county of Hillsborough, legally appointed and duly qualified to discharge the duties of that office, while he was in the perform-

State v. Copp.

ance of a lawful and necessary order from Isaac Riddle, esquire, one of the justices of the peace for said county, made in the trial of a complaint against one Ephraim Stevens for selling ardent spirits without license, and thus unlawfully obstructed and hindered the said Rowell as aforesaid.

It appeared in evidence on the part of the prosecution, that during the trial of the complaint against Stevens, many persons were present, and the justice several times ordered the respondent to remove from a position he had taken near the justice. Upon his refusal, the justice ordered Rowell to remove him, but the respondent resisted the execution of the order and was removed by force. Subsequently the justice ordered the sheriff to remove the respondent from the hall in which the court was holden, which was effected by the aid of three men, the respondent resisting by kicking with his feet, and in such other mode as he was able.

Rowell testified that on that day, and before and after, he was a deputy of the sheriff of this county, and that on the occasion referred to, he was acting in his capacity as an officer of the court.

The jury found the respondent guilty, and his counsel moved to set aside the verdict, and in arrest of judgment, for the following reasons:

1. The order of the court should have been proved by the record, and not by parol.

2. There is no competent evidence that Rowell was a deputy sheriff, as alleged in the indictment.

3. The justice had no authority to make the order referred to.

4. The order should have been set out in the indictment.

*Walker*, Attorney General, for the State.

*Morrison*, for the prisoner. The only evidence that Rowell was an officer, was that he acted in that capacity. The indictment alleges that he was duly qualified, and this allegation should be proved, for it is material. The indictment does not state that Rowell was accustomed to act, only. 1 *East P. C.* 315; *Arch.* 329, 330.

State *v.* Copp.

A justice should keep a record of his orders. *Rev. St. ch.* 175, § 15. This he did not do. He had no power to make such an order as this, for the case does not show that the prisoner had committed any contempt. We admit that a court of justice may keep order in court, and may commit for a contempt. 1 *Ch. Cr. Law* 71 ; 1 *Bac. Abr.* 566 ; *Rex* vs. *Stone,* 6 *T. R.* 530 ; *Yates* vs. *The People,* 6 *Johns.* 337. The order of the court, as it was a material matter, should have been set out in the indictment. It does not appear which order he is accused of having violated, and a verdict would be no answer to a new indictment. 1 *Ch. Cr. Law* 139, 227 ; *The King* vs. *Mason,* 2 *T. R.* 581 ; *The King* vs. *Airey,* 2 *East* 30.

GILCHRIST, J. The first exception taken by the prisoner's counsel is, that the order of the court should have been proved by the record and not by parol. In support of this position we have been referred to ch. 175, § 15, of the Revised Statutes, which provides that " every justice shall keep a fair record, in one or more books to be kept for that purpose, of all proceedings, civil or criminal, before him." But the order of the justice that the prisoner should remove from his position, was merely interlocutory, and cannot be considered as a " proceeding," civil or criminal, before him. The section was intended to provide for a regular entry of actions and complaints, and of the judgments thereon. It does not mean that none of the various orders made in the course of a trial shall be valid, and incapable of being proved, unless they are matters of record. Such a construction of his duty would be onerous to the justice, and is not called for by the ordinary necessities of practice. We think the exception should be overruled.

It is also contended that the justice had no authority to make the order in question.

The power of keeping order, and of requiring a decorous and proper demeanor in a court room during the progress of a trial, lies at the very foundation of the administration of justice. Without it there can be no law and no justice, for if the law will not authorize the means necessary to ensure its observance

and proper administration, it must remain a dead letter. But the law never intended that the prisoner should have the power of stationing himself in any position he might desire during the trial. If it rested with him to select the location he might find most convenient, he might see fit to place himself upon the bench, or in the jury box. He was present at this trial, neither as a party nor as a witness. He went there to gratify his curiosity, and it behoved him so to conduct as not to disturb the proceedings of those who had duties to perform. These duties cannot be discharged unless the justice possesses the power upon an emergency to direct the removal of any individual whose presence he may think prejudicial to the interests of justice. The law does not, indeed, authorize any court to act arbitrarily, and unreasonably exclude persons, but the right to have the courts open is the right of the public and not of the individual. If every person for whom there is sufficient space, has a right to be in court, he has a right to be in any part of it where there is sufficient space, and the inconvenience resulting from the exercise of such a right is a strong argument against its existence. It will be in many cases impossible that a proceeding should be conducted with due order and solemnity, and with the effect that justice demands, if the presiding magistrate, by whatever name he may be called, has not the control of the proceeding, and the power of admission or exclusion, according to his own discretion. It is better that this discretion should be exercised by a person acting under the responsibility of an official oath, than that it should be left to a crowd of lounging bystanders to enter and depart as their humors might dictate ; and far better than that a court of justice should be desecrated by such lawless conduct as was exhibited by the prisoner. *Garnett* vs. *Ferrand*, 6 *B. & C.* 611. We think this objection should be overruled.

The third exception is that the order should have been set out in the indictment. But it is sufficient to allege that the prisoner resisted the officer in discharge of his duty. It has never been held that the specific acts of resistance should be stated. They are not stated in the precedents, 2 *Ch. Cr. Law* 69, (*Am. Ed.* 1819.) The order, therefore, need not be recited, as the only

State *v.* Copp.

object in reciting it would be to show the particular acts of re-sistance, and we think this exception cannot be sustained.

There is another exception, which is, that there is no competent evidence that Rowell was a deputy sheriff, as alleged in the indictment.

The indictment charges an assault upon John A. Rowell, " then and there being one of the deputy sheriffs in and for the county of Hillsborough aforesaid, legally appointed and duly qualified to discharge the duties of said office." The assault is upon a sheriff " legally appointed and duly qualified." It would undoubtedly have been sufficient if these words had been omitted. In 3 *Ch. Cr. Law* 832, (596,) there is a precedent of an indictment for assaulting a constable in the execution of his office, and he is described as " then being one of the constables of, &c. and in the due execution of his said office, then and there also being." This is a sufficient allegation that he was a constable, and it would be proved by evidence that he acted as such ; and Rowell's testimony that on that day he was a deputy sheriff, and acted as an officer of the court, would be sufficient. But in the present case, the evidence falls short of the proof required, as the allegation is a descriptive averment, and must be literally proved. It is a most general rule that no allegation which is descriptive of the identity of that which is legally essential to the claim or charge, can ever be rejected. 3 *St. on Ev.* 1539. Upon the same principle, no allegation can be proved partially in respect of extent or magnitude, where the precise extent or magnitude is in its nature descriptive of the charge or claim. 3 *St. on Ev.* 1532. The position that descriptive averments cannot be rejected, extends to all allegations which operate by way of description or limitation of that which is material. An averment is never considered immaterial when it constitutes the identity of that which is material. 3 *St. on Ev.* 1542. If an allegation limit and confine that which is material, the latter can never be available to any greater extent, for such an averment is always descriptive. 3 *St. on Ev.* 1550. Where the name of a third person is introduced into an indictment as descriptive of some person or thing, that name must be proved as laid. *Dur-*

*ore's Case*, 1 *Leach* 390. Where a person or thing, necessary to be mentioned in an indictment, is described with circumstances of greater particularity than is requisite, yet those circumstances must be proved, otherwise it would not appear that the person or thing is the same as that described in the indictment. *Roscoe's Cr. Ev.* 93, 94. In cases where, from the precise and special nature of the allegation, the due appointment of the party to an office or situation must be proved, then, according to the general rule, it must be proved by the best evidence the nature of the case will admit of, that is, by the production and proof of the original appointment, where it is in writing. 2 *St. on Ev.* 374. In the case of *Rex* vs. *Arnold, Strange* 101, there was an indictment against the defendants, and for that they, being church-wardens, and two others overseers, *debito modo appunctuat*, did refuse to join with the overseers in making a poor rate.—*Held*, that the prosecutor must show an appointment under the hands and seals of two justices, and parol evidence was rejected. A common informer, who, in his declaration in debt against a sheriff's officer, alleged a judgment and a *scire facias* on that judgment, is bound to prove the judgment as well as the writ, although it was unnecessary to allege the judgment at all. *Savage* vs. *Smith*, 2 *Bl. R.* 1101; *Bristow* vs. *Wright, Doug.* 666. Where an allegation contains matter of description, if the proof given be different from the statement, the variance will be fatal. *Abbott, C. J., Ricketts* vs. *Salwey*, 2 *B. & Ald.* 364; *Bromfield* vs. *Jones*, 4 *B. & C.* 380; *Stoddart* vs. *Palmer*, 3 *B. & C.* 2; *Smith* vs. *Taylor*, 1 *B. & P.* (*N. R.*) 197. And where a plaintiff sets out his title more particularly than is necessary, it must be proved as laid. *Bernasconi* vs. *Duke of Argyle*, 3 *C. & P.* 29. An indictment for stopping the mail, which (unnecessarily) alleged a contract between the postmaster general and the mail carrier, was held not to be supported without proof of such contract. *United States* vs. *Porter*, 3 *Day* 283. An immaterial averment is a statement of unnecessary particulars in connection with, and as descriptive of, what is material. It does not require proof unless the failure of such proof would occasion a variance between the pleading and the evidence. *Gould on Pl.* 163, 164.

State *v.* Copp.

We have referred to the authorities with some minuteness, for the purpose of showing their uniformity upon this subject of descriptive averments. If a party is to recover *secundum allegata et probata,* and that is the only safe rule, the court cannot disregard a variance in matters of description. The general rule, however, is modified, and its application sometimes limited by another rule, which is, that if an averment may be entirely omitted without affecting the charge against the prisoner, and without detriment to the indictment, it will be considered as surplusage, and may be disregarded in evidence. *Phill. Ev.* 854, 8th *Ed.*

In the present case, the assault is alleged to have been committed upon a deputy sheriff "legally appointed and duly qualified." These words are as clearly descriptive as any that could have been selected. The whole averment of an assault upon a deputy sheriff cannot be omitted without affecting the charge against the prisoner; and as it was not proved, the exception must be sustained.

*Verdict set aside.*