The State *v.* Canney.

## The State *v.* Canney.

An indictment alleged that the prisoner "broke and entered the store of one Merrill," and certain goods "in the shop aforesaid, then and there being, then and there in the shop aforesaid, feloniously did steal, take and carry away." Upon demurrer to the indictment, it was *held* that the words "store" and "shop," as used in section 9 of chapter 215 of the Revised Statutes, were not synonymous; that the word "shop" being descriptive of the place where the larceny was committed, could not be rejected as surplusage, and that the demurrer was well taken.

Indictment for burglary. The indictment alleged that the prisoner, on the third day of September, 1846, about the hour of twelve in the night of that day, with force and arms broke and entered the store of one Joseph Merrill, and divers articles of the goods and chattels of one Charles Clarke and one Henry A. Osgood, in the *shop* aforesaid then and there being, then and there in the *shop* aforesaid, feloniously did steal, take and carry away. To this indictment the prisoner filed a general demurrer.

*Woodman,* for the prisoner.

*J. S. Wells,* for the State.

By the Revised Statutes, ch, 436, § 9, it is provided that if any person shall break and enter, &c. any shop, store, &c., and shall therein commit larceny, he shall be punished. The indictment alleges that he broke and entered a *store* and stole from the *shop* aforesaid. The words " then and there in the shop " may be rejected as surplusage. Where an indictment alleged that the prisoner " suffered persons to play at cards and other unlawful games," and the objection was taken that this was too uncertain, and that the particular game should have been specified, it was held that the words " other unlawful games " might be rejected as surplusage. *Commonwealth* v. *Bolkom,* 3 Pick. 281. So where the indictment alleged that the prisoner, " in and upon one Peddy Harvey, did make an assault, and her the said Peddy *Hunt* then and there did beat, wound and ill treat," it was objected that the mistake in calling Peddy *Harvey* by the name of Peddy Hunt vitiated the indictment; but the court seemed to be of the opinion that the clause in which she was called Peddy *Hunt* might be rejected as surplusage. *Commonwealth* v. *Hunt,* 4 Pick. 252. So in the case of the *Commonwealth* v. *Arnold,* 4 Pick. 251, the indictment alleged that the prisoner, being an innholder duly licensed, permitted persons to play at the game of cards, &c. It was objected to the phrase " at the game of cards," that it was not specific enough, there being many games of cards. It was held that as the statute makes it unlawful to permit playing at cards, the words " the game of " might be struck out as surplusage. The words shop and store are synonymous, a shop being only an inferior kind of store.

GILCHRIST, C. J. It is contended that the words " shop " and " store," in the 9th section of chapter 215 of the Revised Statutes are synonymous, and that, therefore, there is no

defect in the indictment. In the United States, shops for the sale of goods of any kind, by wholesale or retail, are often called stores; that is, we use the word *store* for *store-house;* the word which properly means the quantity of a thing accumulated or deposited, as a designation of the place of deposit. " Shop " is defined by Richardson to be a " place for the purpose of containing merchandize for sale, protected from the weather." Webster defines it as " a building in which goods, wares, drugs, &c., are sold by re-tail;" also as " a building in which mechanics work." In conversation, we speak of a *store* as a place where goods are exposed for sale, thus giving it the same meaning as *shop*. Still, we recognize a difference between the mean-ings of these two words. Thus we do not call the place where any mechanic art is carried on a *store,* but we give it the name of *shop,* as a tailor's shop, a blacksmith's shop, a shoemaker's shop. We usually understand by the word *store,* a place where goods are exhibited for sale, but we do not always mean a *store* when we use the word *shop*. Now as we do not use the words " shop " and " store " as synony-mous, there is no reason to suppose that they were intended to be so used in the statute, for if they were so considered, only one of these appellations would have been necessary, and as there is a recognized difference in their meaning, we cannot consider them synonymous.

As these words are not synonymous, the larceny is not alleged to have been in the place into which the person broke and entered. The statute punishes the offence of breaking and entering a store, and therein committing lar-ceny, according to the ninth section, or according to the seventh section, with intent to commit larceny. The words " then and there in the shop aforesaid," cannot be rejected as surplusage, because then the indictment would be left without an allegation, either that the prisoner committed larceny in the store, or that he had an intent to commit lar-ceny. The word *shop* is descriptive of the place where the

larceny was committed.    Now if he  merely broke  and en-
tered *the* store  without  committing  larceny,  or without an
intent to commit larceny, he cannot be  punished under this
indictment.    As  the  word  *shop*  describes the place where
the  larceny was  committed, it  is  material, and descriptive
averments must be proved, and when  it  is  proved that the
larceny was committed in a shop, there is neither allegation
nor averment that it was committed in a store.    It is a gen-
eral rule that descriptive averments must  be  literally prov-
ed, and that  rule  must be  our  guide  in  the present case.
*The State*  v.   *Copp*, 15 N.  H.  Rep. 212.    Upon the demur-
rer, therefore, there must be

*Judgment for the defendant.*