## The State *v.* Bailey.

As a general rule, all descriptive averments in an indictment must be proved as laid. But if an averment may be entirely omitted without affecting the charge against the prisoner and without detriment to the indictment, it may be disregarded in evidence.

All unnecessary words in an indictment may, on trial or arrest of judgment, be rejected as surplusage, if the indictment will be good upon striking them out.

Where an indictment charged the defendant with perjury committed in testifying in a certain suit " between one John Bailey and the trustees of *Colebrook* Academy, a corporation duly established by law in this State, in a plea of the case, in which said John Bailey was plaintiff and the trustees of the *Colebath* Academy aforesaid, was defendant,"—*held*, that the word *Colebath* might be rejected as surplusage.

INDICTMENT, against the respondent, Charles Bailey, setting forth that " at the court of common pleas holden at

Lancaster, within and for the county of Coos, on the first Tuesday of November, in the year of our Lord one thousand eight hundred and fifty-three, the jurors for the State of New Hampshire upon their oath present, that at the court of common pleas holden at Lancaster, in and for the county of Coos, aforesaid, on the first Tuesday of November, in the year of our Lord one thousand eight hundred and fifty-one, a certain issue duly joined in the court aforesaid, between one John Bailey and the trustees of the Colebrook Academy, a corporation duly established by law in this State, in a plea of the case, in which said John Bailey was plaintiff and the trustees of the Colebath Academy aforesaid was defendant, came on to be tried in due form of law, and was then and there tried by a certain jury of the county in that behalf, duly empanneled and sworn to try said issue between the said parties ; and that upon the said issue so joined between the parties aforesaid, Charles Bailey, of Canaan, in the county of Essex and State of Vermont, innholder, appeared as a witness for and on behalf of said John Bailey, the plaintiff in the plea aforesaid, and was sworn, and then and there took his corporal oath before said court of common pleas to speak the truth, the whole truth, and nothing but the truth, concerning the matter in question in said issue, said court of common pleas then and there having sufficient and competent power to administer an oath to the said Charles Bailey in that behalf; and that upon the trial of said issue so joined between the parties aforesaid, certain questions then and there became and were material, that is to say," &c.  The indictment then sets out at much length, and with minuteness, the testimony of the respondent at the trial in the common pleas, stating wherein it was material, and also its falsity, and concludes by charging " that he, the said Charles Bailey, in manner and form aforesaid, did falsely, wilfully, knowingly and corruptly commit corrupt and wilful perjury."

On the trial, to prove that the false oath was taken in a

judicial proceeding, as alleged in the indictment, the counsel for the State offered evidence of the writ and subsequent proceedings in an action in favor of John Bailey, plaintiff, against the trustees of Colebrook Academy, principal defendant, and trustees. The defendant's counsel contended that there was a fatal variance.

By the consent of the parties the indictment was taken from the jury in order that this question might be settled before a trial; and it was ordered that the questions arising upon the case be transferred to the superior court for their determination.

*Sullivan*, attorney general, for the State.

The principal objection to this indictment is that the word " Colebath " was used instead of " Colebrook."

Our answer to it is this. The following words in the indictment, viz : " in which said John Bailey was plaintiff and the trustees of the Colebath Academy aforesaid was defendant," are superfluous. If these words had been omitted in the indictment, or if they should be striken out of it, it would be good and sufficient.

The following authorities are relied upon to prove that they may properly be rejected as surplusage :

" All unnecessary words may be rejected as surplusage in an indiciment, if it would be good without them." Whar. Cr. Law 165. An authority in 1st Leach's Cr. Law 127 is cited as having a direct bearing upon the point.

" The introduction of averments, superfluous or immaterial, will not vitiate an indictment, for if it can be supported without the words they will be rejected as surplusage. Harrison's An'l Dig. 836; 1 Ch. Cr. Law 143 ; Star. Cr. Pl. 274; 1 Term Rep. 322; E. P. Cro. 785.

" When time, place, person or other circumstances are not descriptive of the fact or degree of the crime, the discrepancy between the allegation and the proof is not a variance." Greenleaf 83, § 65.

In this case was given the name of the action in which the perjury was committed, but it was not descriptive of either the fact or degree of the crime. The name of the action was stated in subsequent words in the indictment in language so clear that the accused cannot suffer by a rejection of the words mentioned above; either from a want of knowledge of the action in which the perjury was committed, or from a second conviction for the same offence.

If it had been alleged in the indictment that the writ in favor of Colebath Academy instead of Colebrook Academy had been forged, the writ would have been the subject matter of the crime; but in this case to describe the writ is not a description of the fact, instrument or degree of the perjury.

Similar errors have often been committed, and have been considered immaterial.

In Roscoe on Ev. 820, are collected many cases of errors resembling this case, which were considered as not fatal to the indictment.

*Burns & Fletcher,* for the respondent.

The prosecutor must prove, in order to support an indictment for perjury:

1st.  The authority to administer an oath.

2d.  The occasion of administering it.

3d.  The taking of the oath.

4th.  The substance.

5th.  The materiality of the matter sworn.

6th.  The introductory averments.

7th.  The falsity of the matter sworn.

8th.  The corrupt intent of the defendant.  2 Stark. Ev. 2d Ed. 621.

The occasion of administering the oath must be proved as laid.  If the perjury is alleged to have been committed on the trial of a cause at *nisi prius,* the record must be pro-

duced in order to show that such a trial was had.  2 Stark. Ev. 622.

The occasion must be correctly stated, and a variance is fatal.  *Eden's case*, 1 Esp. 97.

Records produced in evidence must be strictly conformable with the statement in the pleading they are intended to prove.  The slightest variance in substance between the matter set out, and the record produced in evidence will be fatal.  Archbold's Crim. Pl. 95, and authorities cited.

" Colebath " Academy and " Colebrook " Academy are not substantially the same.

In *Burnham* v. *The president and trustees of the Savings Bank for the county of Strafford*, 5 N. H. Rep. 449, it was decided that copies of the writ and execution in favor of the " Savings Bank for the county of Strafford," were improperly received in evidence on account of the variance.

So in this case it does not appear that Colebrook Academy and Colebath Academy are the same body.

EASTMAN, J.  From an examination of the indictment it will be seem that a clerical error was committed in drawing it, by using the word " Colebath " instead of " Colebrook." Instead of saying the trustees of " *Colebath* Academy aforesaid," it should have said the trustees of " *Colebrook* Academy aforesaid."

To prove that the false oath was taken in a judicial proceeding, as alleged in the indictment, the counsel for the State offered evidence of the writ and subsequent proceedings in an action in favor of John Bailey plaintiff, against the trustees of the " Colebrook " Academy.

The defendant's counsel contended that there was a fatal variance between the evidence and the allegations of the indictment ; and unless some part of the averment in the indictment can be rejected as surplusage, the objection is well taken ; for the trustees of " Colebath " Academy cannot be

construed to mean the trustees of " Colebrook " Academy. Can this difficulty be got over ?

The general rule is that all descriptive averments in an indictment must be proved as laid. But if an averment may be entirely omitted without affecting the charge against the prisoner, and without detriment to the indictment, it may be disregarded in evidence. *State* v. *Copp,* 15 N. H. Rep. 212; 1 Phill. on Ev. 207.

And all unnecessary words may, on trial or arrest of judgment, be rejected as surplusage, if the indictment would be good upon striking them out. Wharton's Crim. Law 165; Leach 536; Arch. Cr. Pl. 22; Stark. Cr. Pl. 274; *Commonwealth* v. *Arnold,* 4 Pick. 251; *State* v. *Buckman,* 8 N. H. Rep. 203; *Commonwealth* v. *Bolkom,* 3 Pick. 281.

In *Rex* v. *Edwards* and *Morris,* Leach 127, the indictment alleged that the defendant, " *Francis* Morris, the said goods above mentioned, so as aforesaid feloniously stolen, taken and carried away, feloniously did receive and have, he the said *Thomas* Morris then and there well knowing the said goods and chattels to have been feloniously stolen, taken and carried away." Here was an error in using the name " Thomas," instead of " Francis," but the twelve judges held that the words " he the said Thomas Morris," might be struck out as surplusage, and that the indictment was sensible and good without them.

And such would also seem to have been the opinion of the court in *Commonwealth* v. *Hunt,* 4 Pick. 252; where the indictment charged that the defendant in and upon one Peddy *Harvey* did make an assault and her the said Peddy *Hunt* then and there did beat, wound and ill treat, with the intent her the said Peddy *Harvey* to ravish. The mistake in the indictment was in calling Peddy *Harvey* by the name of Peddy *Hunt,* but it appears to have been held that the whole clause " and her the said Peddy Hunt then and there did beat, wound and ill treat," might be rejected as surplusage. The indictment was perfect without these words.

The State *v.* Bailey.

By striking out the word " Colebath " in this indictment it will stand perfectly well. It will then read, " at the court of common pleas holden at Lancaster, within and for the county of Coos, aforesaid, on the first Tuesday of November, in the year of our Lord one thousand eight hundred and fifty-three, the jurors for the State of New Hampshire upon their oath present, that at the court of common pleas, holden at Lancaster, in and for the county of Coos aforesaid, on the first Tuesday of November, in the year of our Lord one thousand eight hundred and fifty-one, a certain issue duly joined in the court aforesaid, between one John Bailey and the trustees of the Colebrook Academy, a corporation duly established by law in this State, in a plea of the case, in which said John Bailey was plaintiff and the trustees of the academy aforesaid was defendant, came on to be tried in due form of law, and was then and there tried by a certain jury of the county in that behalf, duly empanelled and sworn to try said issue between the said parties."

It will thus be seen that in rejecting this word as surplusage, the indictment is left perfect, and the defendant can in no way be prejudiced that we can discover. It is merely an unnecessary word, inconsistent with the other parts of the indictment, that is rejected, and the authorities cited would appear fully to sustain this view of the question. The word can be omitted without affecting the charge against the prisoner, and without detriment to the indictment. The cases which show that averments and words in an indictment cannot be rejected as surplusage, are those where it is made to appear that it cannot be done without leaving the indictment imperfect.

Treating this word as surplusage, there is no variance between the evidence and the indictment. We therefore hold the indictment valid and the evidence competent.

It would seem, also, that upon the authorities the whole averment, as stated by the attorney general, might be stricken out.