Belknap
No. 81-258

THE STATE OF NEW HAMPSHIRE

v.

CARLISLE LURVEY

March 5, 1982

*Gregory H. Smith*, attorney general (*Brian T. Tucker*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, by brief for the defendant.

KING, C.J.   Following a jury trial in Superior Court (*Batchelder*, J.), the defendant, Carlisle Lurvey, was convicted of being an accomplice to receiving stolen property. *See* RSA 626:8 III; RSA 637:7. The defendant appealed his conviction to this court. We affirm.

After stealing a television set, two men approached the defendant and asked that he help them sell the stolen item. The defendant then arranged a sale and was present when the television set was sold for approximately $125. Allegedly, the defendant and the other two men split the proceeds.

The information under which the defendant was charged alleged that the defendant had aided in selling certain property by finding a buyer, helping to transport the property, and accepting approximately $100 in payment for the property. After the State's case, the defendant requested a directed verdict, claiming the State had not proved that the defendant had accepted any money. Later, the

defendant requested the trial court to instruct the jury regarding the State's failure to prove acceptance of money. The trial court denied both requests, reasoning that the acceptance of money was not a necessary element of the crime charged, and, therefore, the State did not have to prove that allegation to sustain its burden of proof. The trial court indicated that a jury instruction on the State's failure to prove the defendant's acceptance of money was unnecessary because proof of the acceptance of money was surplusage and unnecessary for a conviction.

■■ The defendant argues that the offense of being an accomplice is an inchoate one, and that, therefore, the information must be specific. *See State v. Bean*, 117 N.H. 185, 187, 371 Å.2d 1152, 1153 (1977). We agree that the information had to set forth the acts that constituted being an accomplice to receiving stolen property, and not merely the language of the accomplice statute. *See State v. Merski*, 121 N.H. 901, 914, 437 A.2d 710, 717–18 (1981). The information in this case, however, was sufficient without the language regarding the acceptance of money, because it alleged with specificity all the elements of the offense charged. *See* RSA 626:8 III; RSA 637:7; *State v. Taylor*, 121 N.H. 489, 495, 431 A.2d 775, 778 (1981).

■ The defendant's second argument is that, by failing to instruct the jury on the State's failure to prove acceptance of money, the trial court impermissibly amended the information. *See Stirone v. United States*, 361 U.S. 212, 217 (1960). In *Stirone*, the United States Supreme Court held that an indictment cannot be materially altered by the trial court. *Id.* The defendant, in this case, was charged by information, not indictment; therefore the *Stirone* ruling is not necessarily applicable. *See* 1 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 474, at 314–15 (1980). Even if we applied the *Stirone* holding to this case, however, the trial court's action would be permissible. The amendment of the information was merely the removal of surplusage, *cf. Stirone v. United States*, 361 U.S. at 218 (error to permit amendment of indictment that changed material element, not surplusage), because acceptance of money is not an element of the crime of being an accomplice to receiving stolen property. *See* RSA 626:8 III; RSA 637:7. *See also State v. Spade*, 118 N.H. 186, 189–90, 385 A.2d 115, 117 (1978); *State v. Cote*, 113 N.H. 647, 649–50, 312 A.2d 687, 688–89 (1973); 1 R. MCNAMARA, NEW HAMSPHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 311, at 196 (1980). As is true in an indictment, averments in an information "that are in excess of those required by the statute defining the

offense may be treated as superfluous, and thus do not necessarily control the State's burden of proof." *See State v. Boone*, 119 N.H. 594, 596, 406 A.2d 113, 114 (1979). We conclude that the trial court did not err in denying the defendant's motions for a directed verdict and for jury instructions concerning the State's failure to prove the defendant's acceptance of money in the sale of stolen property. *See State v. Langdon*, 121 N.H. 1065, 1070, 438 A.2d 299, 302 (1981).

*Exceptions overruled; affirmed.*

BATCHELDER, J., did not participate; the others concurred.