Hillsborough
No. 88-378

THE STATE OF NEW HAMPSHIRE

v.

LARRY N. POND

December 13, 1989

*John P. Arnold,* attorney general (*John S. Davis,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant appeals his two convictions for felonious sexual assault, RSA 632-A:3, III, after a jury trial in the Superior Court (*Dalianis,* J.) and raises the following question for our review: whether the trial court impermissibly amended the felonious sexual assault indictments, which charged that the defendant acted knowingly, by instructing the jury that the State must prove the defendant acted purposely. We hold that the term "knowingly" in the indictments constituted harmless surplusage, and that the trial court properly instructed the jury that they must find the defendant acted purposely before they could find him guilty of the offenses charged. Accordingly, we uphold the defendant's convictions.

The facts are not in dispute. During October, 1986, Larry N. Pond was arrested on complaints alleging the felonious sexual assault of his ten-year-old son. In November, 1986, a grand jury indicted the defendant on two counts of felonious sexual assault, RSA 632-A:3, III, and one count of aggravated felonious sexual assault, RSA 632-A:2, XI. Each indictment alleged that the defendant acted purposely, and that the incidents occurred in June and July of 1986.

In December 1987, a grand jury returned a second set of indictments charging the same offenses. The wording of these indictments was identical to that of the first set, except that the dates were changed from June and July to April, 1986. Each indictment continued to state that the defendant acted purposely.

The defendant then filed a notice of intention to rely on the defense of insanity, and the State sought and obtained from a third grand jury another set of indictments charging the defendant with the same crimes. These indictments were identical to the second set, except that "purposely" was replaced with "knowingly."

One week before the trial began, the defendant filed a motion to elect in which he requested the State to elect the indictments on which it intended to proceed at trial, and to *nol pros* the others. The State entered *nolle prosequi* for the first two sets of six indictments, and the defendant then moved to dismiss the three remaining indictments. The defendant claimed that these indictments were defective because they charged the defendant with

knowing conduct, rather than the purposeful conduct required by the statute.

The trial court held a hearing on the defendant's motion to dismiss, during which the State entered *nolle prosequi* for the indictment charging the defendant with aggravated felonious sexual assault. Despite the defendant's argument that the remaining two indictments unlawfully charged him with knowingly committing the crimes, the trial court denied the defendant's motion. Instead, the court found that "[t]he purposeful state of mind [was] alleged in the indictments." Furthermore, the court instructed the jury that "the [S]tate has to prove that the defendant committed certain acts and that he did so purposely." The court then defined "purposely," and said, "that's the mental state in this matter." The jury convicted the defendant on both charges, and the court sentenced him to two consecutive 3 1/2 to 7 year terms in the State Prison, with the second term deferred.

The two indictments on which the State proceeded were worded as follows:

> ". . . The GRAND JURORS FOR THE STATE OF NEW HAMPSHIRE, on their oath, present that LARRY POND of Manchester . . . on or during the month of April . . . did, *knowingly* engage in sexual contact . . . with Larry P., . . . not his legal spouse, when Larry P. was under the age of thirteen (13), to wit: ten (10) years old, in that the defendant *knowingly* touched the victim's buttocks with his penis, which said contact being reasonably construed as being *for the purpose of* sexual gratification . . . ."

Indictment #88-833 (emphasis added). The second indictment stated:

> . . . The GRAND JURORS FOR THE STATE OF NEW HAMPSHIRE, on their oath, present that LARRY POND of Manchester . . . on or during the month of April . . . did, *knowingly* engage in sexual contact . . . with Larry P., . . . not his legal spouse, when Larry P. was under the age of thirteen (13), to wit: ten (10) years old, in that the defendant did instruct the victim to manually manipulate the defendant's penis, which said contact being reasonably construed as being *for the purpose of* sexual gratification . . . ."

Indictment #88-835 (emphasis added).

■ The *mens rea* required for felonious sexual assault, RSA 632-A:3, III, is found in the definition of sexual contact, RSA 632-A:1, IV: "'Sexual contact' means the intentional touching of the victim's or actor's sexual or intimate parts . . . which can be reasonably construed as being for the purpose of sexual arousal or gratification." This court concluded in 1986 that "intentionally" was synonymous with "purposely." *State v. Brewer*, 127 N.H. 799, 800, 508 A.2d 1058, 1059 (1986). Therefore, purposely is the *mens rea* for felonious sexual assault.

The defendant argued during trial and on appeal that the indictments were defective because they charged the defendant with acting knowingly rather than purposely. Then, when the trial court instructed the jury that purposely was the appropriate *mens rea*, the defendant claimed that the court impermissibly amended the indictments, thereby permitting the defendant to be convicted on allegations never made by the grand jury. *See* RSA 601:1 ("No person shall be tried for any offense, the punishment of which may be . . . imprisonment for more than one year, unless upon an indictment found against him by the grand jury . . . ."); *State v. Canatella*, 96 N.H. 202, 204, 72 A.2d 507, 508 (1950) (Bill of Rights of New Hampshire Constitution, part I, article 15, guarantees right to lawful accusation by grand jury). However, the indictments as set forth above not only stated that the defendant "knowingly engage[d] in sexual contact," indictments ##88-833, 88-835, but also charged in each instance that he acted for the purpose of sexual gratification.

■ In response to the defendant's motion to dismiss, the trial court found that,

> "[t]he [S]tate has alleged that the acts in question are reasonably construed as being for the purpose of sexual gratification, specifically, that we are acting purposely in this regard. And notwithstanding that it has added the word 'knowingly,' the court sees that word as surplusage and expects the [S]tate to prove its case with a purposeful state of mind as the statute requires."

This court has recognized for over a century that "all unnecessary words may . . . be rejected as surplusage, if the indictment would be good upon striking them out." *State v. Bailey*, 31 N.H. 521, 526 (1855); *accord State v. Webster*, 39 N.H. 96, 97 (1859); *see Ford v. United States*, 273 U.S. 593, 602 (1927) (surplusage in indictments may be rejected). While we have noted that indictments must conform to the requirements of part I, article 15 of the New

Hampshire Constitution, *see State v. Erickson*, 129 N.H. 515, 518–19, 533 A.2d 23, 24–25 (1987), we have also found that harmless surplusage does not invalidate the constitutionality of indictments, *State v. Wong*, 125 N.H. 610, 623, 486 A.2d 262, 270 (1984). If the term "knowingly" in the two indictments at issue were disregarded, no question would remain of their sufficiency, because the indictments also contained the statutory definition of "sexual contact," requiring that the touching must be purposeful. *See* RSA 632-A:1, IV. Thus, the trial court properly made no reference to the term and appropriately instructed the jury that they must find the defendant acted purposely to find him guilty. *See* RSA 601:8 ("[n]o indictment . . . shall be . . . quashed . . . for any error or mistake where the person or case may be rightly understood by the court, nor through any defect or want of form . . . , and courts and justices may, on motion, order amendments in any such case"); *State v. Lurvey*, 122 N.H. 190, 192, 442 A.2d 592, 593 (1982) (trial court can amend accusatory instrument if amendment involves removal of surplusage); 1 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 311, at 195 (1980) (as general rule, any matter not necessary to crime may be disregarded as surplusage).

██ The defendant contended during oral argument that the discrepancy between the wording of the indictments and the jury instructions given by the court prejudiced him, entitling him to a new trial. Based on the history of this case and the case law, we find this argument unpersuasive. As we noted above, the indictments charged the defendant with both knowing and purposeful conduct, and the statutory definition of sexual contact indicates that the touching must be intentional. *See* RSA 632-A:1, IV. Additionally, the trial court properly instructed the jury that the mental state for the alleged crimes was "purposely." An amendment to an indictment may serve as a ground for a new trial if the amendment prejudices either the defendant's understanding of the charges made or the defendant's preparation for trial. *State v. Erickson*, 129 N.H. at 519, 533 A.2d at 25; *State v. Spade*, 118 N.H. 186, 189–90, 385 A.2d 115, 116–17 (1978); *see State v. Davis*, 99 N.H 88, 89, 105 A.2d 47, 48 (1954) (indictment is adequate if it alerts defendant to nature and cause of accusation with enough specificity to enable defendant to prepare defense).

Other State courts which have considered whether indictments alleging more than one *mens rea*, or the wrong *mens rea*, were deficient have concluded that the indictments were sufficient as long as the defendant was not prejudiced thereby. In *State v. House*,

586 P.2d 388 (Or. Ct. App., 1978), the complaint charged the defendant with unlawful and knowing conduct, whereas the applicable statute required the defendant to act intentionally. *Id.* at 389–90. The Court of Appeals of Oregon declined to dismiss the indictment, stating that if the complaint, read together with the statutory definition of the offense, apprises the defendant of the elements of the crime with which he or she is charged, then it is sufficient. *Id.* at 390. The Oregon court explained:

> "The State is not required to repeat statutory definitions of the terms used in the accusatory instrument. Those definitions are incorporated by the use of the terms. Inclusion of the word "knowingly" in the complaint is surplusage and does not affect the sufficiency of the complaint."

*Id.* (citation omitted); *see State v. O'Brien*, 508 N.E.2d 144, 148–49 (Ohio, 1987) (indictment omitting element of offense may be amended to include missing element if accused not misled or prejudiced by omission). In *State v. Thornton*, 540 A.2d 773 (Me. 1988), which is more similar to the facts of our case, the indictment charged the defendant with acting both intentionally and knowingly. *Id.* at 775. The Supreme Judicial Court of Maine held that because the indictment included all the elements of the offense and the defendant failed to show any prejudice, the "knowing" language was harmless surplusage, rendering the indictment adequate. *Id.* at 775–76.

In this case, Mr. Pond has not alleged or argued any prejudice resulting from the indictments' charging him with both knowing and purposeful conduct. There is no evidence that he did not know the mental state required for felonious sexual assault, or that his defense at trial would have been any different had the word "knowingly" been omitted from the indictments. Although he cites no authority to support his position, Mr. Pond is essentially requesting this court to adopt a *per se* rule that any time an indictment is amended, the defendant is automatically entitled to a new trial. We decline to adopt such a rule. We hold that the defendant suffered no prejudice from the striking of the term "knowingly" from the indictments, and deny his request for a new trial.

For the above reasons, we affirm the trial court's amendment of the indictments and its instructions to the jury, and we uphold the defendant's convictions.

*Affirmed.*

All concurred.