Coos
No. 94-867

THE STATE OF NEW HAMPSHIRE

v.

DOUGLAS GOODWIN

February 15, 1996

*Jeffrey R. Howard*, attorney general (*Julie Kielty Connolly*, attorney, on the brief), for the State.

*David M. Rothstein*, assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant, Douglas Goodwin, was convicted in the Superior Court (*Perkins*, J.) of five counts of felonious sexual assault against a fifteen-year-old girl, *see* RSA 632-A:3, II (1986). He argues that the trial court erred in holding that the *mens rea* for the offense charged was "knowingly," rather than "purposely." We affirm.

■ RSA 632-A:3, II provides that "[a] person is guilty of a class B felony if he . . . [e]ngages in sexual penetration with a person other than his legal spouse who is 13 years of age or older and under 16 years of age . . . ." In spite of the fact that there is no *mens rea* expressed in a statute, one cannot be convicted of a crime without proof that the act was accompanied by a culpable mental state. *State v. Ayer*, 136 N.H. 191, 193, 612 A.2d 923, 924 (1992); RSA 626:2, I (1986) ("A person is guilty of . . . a felony . . . only if he acts purposely, knowingly, recklessly, or negligently, as the law may require, with respect to each material element of the offense."). "Where a specific mental state is not provided for the offense, we read RSA 626:2, I, as requiring proof of a culpable mental state which is appropriate in light of the nature of the offense and the policy considerations for punishing the conduct in question." *Ayer*, 136 N.H. at 193, 612 A.2d at 925 (quotation, ellipses, and brackets omitted).

RSA 632-A:3 defines felonious sexual assault as any one of three distinct proscribed acts. Two of these acts involve sexual contact, *see* RSA 632-A:3, I, III; the other act, which is at issue here, involves sexual penetration. *See* RSA 632-A:3, II. The defendant argues that because the appropriate mental state for the offenses established by paragraphs I and III is "purposely," *see State v. Pond*, 132 N.H. 472, 475, 567 A.2d 992, 994 (1989), "purposely" should likewise be the *mens rea* for the offense established by paragraph II. His argument is based upon the premise that sexual penetration necessarily encompasses sexual contact.

■ We disagree. First, the defendant's reliance on *Pond* is misplaced. In *Pond*, we held that

> [t]he *mens rea* required for felonious sexual assault, RSA 632-A:3, III, is found in the definition of sexual contact, RSA 632-A:1, IV: "'Sexual contact' means the intentional touching of the victim's or actor's sexual or intimate parts . . . which can be reasonably construed as being for the purpose of sexual arousal or gratification." This court concluded in 1986 that "intentionally" was synonymous with "purposely." Therefore, purposely is the *mens rea* for felonious sexual assault.

*Id.* at 475, 567 A.2d at 994 (citation omitted). This analysis applies only to the mental state required for sexual contact. The mental state required for RSA 632-A:3, II must be found in the definition of sexual penetration. Unlike the definition of sexual contact, *see* RSA 632-A:1, IV (1986), there is no language in the definition of sexual penetration describing a requisite state of mind. *See* RSA 632-A:1, V (Supp. 1995).

■■ Second, when a statute defining an offense is silent with respect to the *mens rea*, we will look to the common law origins of the crime, which in this case is rape. *Ayer*, 136 N.H. at 194, 612 A.2d at 925. Rape is generally considered to be a general intent, rather than a specific intent, crime. *Id.* "Whereas specific intent commonly refers to a special mental element above and beyond that required with respect to the criminal act itself, the general intent requirement for rape means that no intent is requisite other than that evidenced by the doing of the acts constituting the offense." *Id.* (citation and quotation omitted).

■ The Criminal Code generally uses the terms "purposely" and "knowingly" in place of specific intent and general intent, respectively. *Id.* "A person acts purposely with respect to a material

element of an offense when his conscious object is to cause the result or engage in the conduct that comprises the element." RSA 626:2, II(a) (1986). On the other hand, "[a] person acts knowingly with respect to conduct or to a circumstance that is a material element of an offense when he is aware that his conduct is of such nature or that such circumstances exist." RSA 626:2, II(b) (1986). We have stated that "[e]ngaging in sexual penetration in any of the statutorily prohibited circumstances is criminal when the actor is aware that his conduct is of such a nature or that such circumstances exist, that is, when he acts knowingly." *Ayer*, 136 N.H. at 194-95, 612 A.2d at 925 (citation and quotations omitted).

██ Finally, it would be illogical if the *mens rea* for felonious sexual assault involving penetration and aggravated felonious sexual assault involving penetration were different. Assuming *arguendo* that the mental state required for felonious sexual assault was "purposely," it would be more difficult to prove than aggravated felonious sexual assault, even though it carries a lesser penalty. "Our task is to construe the criminal code provisions according to the fair import of their terms and to promote justice." *State v. Harper*, 126 N.H. 815, 818, 498 A.2d 310, 313 (1985) (quotation omitted); *see* RSA 625:3 (1986). We will avoid construing statutes in a manner that would "produce an unjust and seemingly illogical result." *State v. Roger M.*, 121 N.H. 19, 21-22, 424 A.2d 1139, 1141 (1981). We therefore conclude that "knowingly" is the appropriate *mens rea* for felonious sexual assault involving sexual penetration.

*Affirmed.*

All concurred.