Strafford
No. 2005-883

### THE STATE OF NEW HAMPSHIRE

v.

### MARTIN HOLMES

Argued: November 8, 2006
Opinion Issued: January 19, 2007

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Theodore Lothstein*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The defendant, Martin Holmes, appeals his conviction by a jury for felonious sexual assault for engaging in sexual penetration with a

person who was thirteen years of age or older but less than sixteen years of age. *See* RSA 632-A:3, II (Supp. 2006) (amended 2006). He argues that the Superior Court (*Fauver*, J.) erred when it ruled that the State did not have to prove that he knew that the victim was under the age of legal consent. We affirm.

The parties do not dispute the following facts: The defendant is twenty-four years old. The victim met the defendant while walking with a friend in Rochester. Although she was fifteen years old, she told the defendant that she was seventeen. The victim and the defendant exchanged telephone numbers and spoke on the phone a few days later. Approximately a week later, after consuming alcohol, the victim phoned the defendant and arranged to meet him at a local park, where they eventually had sexual intercourse.

The defendant was charged by grand jury indictment with felonious sexual assault for having engaged in sexual penetration with a person, other than his legal spouse, who was then fifteen years old. *See* RSA 632-A:3, II. At the close of the State's case, he moved to dismiss the charge on the ground that the State had failed to prove that he knew that the victim was less than sixteen years of age. Relying upon our prior case law, the trial court denied the motion, ruling that the State did not have to prove beyond a reasonable doubt that the defendant knew that the victim was less than sixteen years old. *See Goodrow v. Perrin,* 119 N.H. 483, 488-89 (1979).

On appeal, the defendant invites us to overrule our prior precedent, which holds that the offense of felonious sexual assault with a person who is under the age of legal consent (statutory rape) "is a strict liability crime in that an accused cannot assert as a legal defense that he did not know the complainant was under the age of legal consent when penetration occurred." *State v. Carlson,* 146 N.H. 52, 58-59 (2001); *see Goodrow,* 119 N.H. at 488-89. For the reasons that follow, we decline his invitation.

 The doctrine of stare decisis "demands respect in a society governed by the rule of law," because "when governing legal standards are open to revision in every case, deciding cases becomes a mere exercise of judicial will, with arbitrary and unpredictable results." *Brannigan v. Usitalo,* 134 N.H. 50, 53 (1991) (quotations omitted). "[W]hen asked to reconsider a previous holding, the question is not whether we would decide the issue differently *de novo*, but whether the ruling has come to be seen so clearly as error that its enforcement was for that very reason doomed." *State v. Gubitosi,* 152 N.H. 673, 678 (2005) (quotations omitted); *see Planned Parenthood of Southeastern PA. v. Casey,* 505 U.S. 833, 854 (1992). Several factors inform our judgment, including whether: (1) the

rule has proven to be intolerable simply by defying practical workability; (2) the rule is subject to a kind of reliance that would lend a special hardship to the consequence of overruling; (3) related principles of law have so far developed as to have left the old rule no more than a remnant of abandoned doctrine; and (4) facts have so changed, or come to be seen so differently, as to have robbed the old rule of significant application or justification. *Jacobs v. Director, N.H. Div. of Motor Vehicles*, 149 N.H. 502, 505 (2003); *Casey*, 505 U.S. at 854-55.

The defendant concentrates upon factors (3) and (4), conceding that factor (1) does not support overruling our prior precedent and contending that factor (2) does not support adhering to stare decisis. We will assume, without deciding, that factor (2) does not support adhering to stare decisis, and limit our discussion to factors (3) and (4).

*I. Development of Related Principles of Law*

The defendant first contends that we failed to interpret the statutory rape provision, RSA 632-A:3, II and its predecessors, correctly in our prior cases because we did not take into account another provision of the Criminal Code, RSA 626:2, I (1996). RSA 626:2, I, provides that a person may be found guilty of a crime only when he or she "acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense." The defendant asserts that RSA 626:2, I, mandates proof of a culpable *mens rea* with respect to all material elements of the statutory rape statute, including the defendant's knowledge of the victim's age.

We interpreted RSA 632-A:3, II in concert with RSA 626:2, I, in *State v. Goodwin*, 140 N.H. 672 (1996). In that case, we held that "knowingly" is the *mens rea* for felonious sexual assault involving sexual penetration with a person under the age of legal consent. *Goodwin*, 140 N.H. at 675. We explained that "when a statute defining an offense is silent with respect to the *mens rea*, we will look to the common law origins of the crime." *Id.* at 674. We noted that the crime involved was rape, which "is generally considered to be a general intent, rather than a specific intent, crime." *Id.* "Whereas specific intent commonly refers to a special mental element above and beyond that required with respect to the criminal act itself, the general intent requirement for rape means that no intent is requisite other than that evidenced by the doing of the acts constituting the offense." *Id.* (quotation omitted). Thus, as the Criminal Code generally uses the term "purposely" in place of specific intent and "knowingly" in place of general intent, we ruled that "knowingly" was the *mens rea* for statutory rape. *Id.* at 674-75.

Although we did not discuss in *Goodwin* whether this *mens rea* applied to the defendant's knowledge of the victim's age, we had previously held, in effect, that a defendant's knowledge of the victim's age is *not* a material element of statutory rape. *See Goodrow*, 119 N.H. at 488-89. The plaintiff in *Goodrow* challenged the constitutionality of our statutory rape law, contending, in part, that the statute was invalid because it lacked the requirement of scienter. *Id.* at 487. We observed first that the statutory rape provision did not allow a defense of honest or reasonable mistake as to the victim's age. *Id.* at 488-89. We then ruled that the statute was not unconstitutional because it did not allow for such a defense. *Id.* at 489. We rejected the plaintiff's assertion that such a defense was constitutionally required, explaining that the United States Supreme Court "has never held that an honest mistake as to the age of the [complainant] is a constitutional defense to statutory rape." *Id.* (quotation omitted).

Since we decided *Goodrow* in 1979, the legislature has amended the statutory rape law numerous times, but has not seen fit to add a *mens rea* or to make reasonable mistake of age a defense. *See* Laws 1981, 415:4; Laws 1985, 228:4; Laws 1997, 220:3; Laws 2003, 226:3, 4. The legislature most recently amended the statutory rape provision during this past legislative session. *See* Laws 2006, 162:1. As amended, the statutory rape provision makes it a felony to engage in sexual penetration with a person other than one's legal spouse who is thirteen years of age or older and less than sixteen years of age only where the age difference between the actor and the other person is three years or more. *See id.*

■ By amending the statutory rape provision, but failing to insert a *mens rea* or provide a reasonable mistake of age defense, the legislature has impliedly accepted our construction of that provision. *See Del Norte, Inc. v. Provencher*, 142 N.H. 535, 539 (1997). It is well settled that "when the legislature reenacts a statute on which a repeated practical construction has been placed by the Bench and Bar, that reenactment constitutes a legislative adoption of the longstanding construction." *Id.* (quotation and brackets omitted); *see also Com. v. Miller*, 432 N.E.2d 463, 465 (Mass. 1982). Although at oral argument, the defendant urged us to recognize an exception to this general rule, we decline to do so.

The defendant next asserts that because adult consensual sexual relationships are not as regulated as they were when we decided our prior cases, there is no longer any justification for permitting strict liability for statutory rape. The defendant notes, for instance, that fornication is no longer a crime. Additionally, since we decided *Goodrow*, the United States Supreme Court ruled in *Lawrence v. Texas*, 539 U.S. 558, 562, 564 (2003), that substantive due process precludes the State from criminalizing

private consensual sexual conduct between adults. Thus, the defendant reasons, "Assuming that the accused has no reason to believe that a consensual sexual partner has not reached the age of consent, . . . his mental state is that of a person engaging in conduct that is not only lawful, but constitutionally protected." As he explains: "In an age where there is no fornication law and the federal constitution would forbid any such law, one who engages in sex with a person not his or her spouse cannot be said necessarily to have a 'culpable' *mens rea*."

We decided *Goodrow*, however, assuming, without deciding, that the plaintiff *had* a constitutionally protected privacy right to engage in consensual heterosexual intercourse with other adults. *Goodrow*, 119 N.H. at 486. Specifically, we held:

> [E]ven assuming that the plaintiff has a federal privacy right to engage in consensual heterosexual intercourse with adults, the right does not require the invalidation of [the statutory rape statute]. The reason is that the United States Constitution does not require us to permit the defense of an honest and reasonable mistake to a charged violation of the statutory [rape] provisions.

*Id.* at 489. Thus, the developments in the law since we decided *Goodrow* would not change our analysis.

Moreover, intent to commit the then-legally wrongful act of fornication was only one of the rationales for statutory rape laws. *See Collins v. State*, 691 So. 2d 918, 923 (Miss.), *cert. denied*, 522 U.S. 877 (1997). The other rationale concerned "the need for strict accountability to protect young [people]." *Id.* As we explained in *Goodrow*:

> The State, by enacting [the statutory rape provision], has fixed the age at which a minor person may consent to sexual intercourse. In essence, this provision prohibits an adult, such as the plaintiff, from engaging in sexual intercourse with a person who is below the fixed age of consent. It is well established that the State has an independent interest in the well-being of its youth. One reason for this heightened interest is the vulnerability of children to harm. Another reason for the State's concern is that minors below a certain age are unable to make mature judgments about important matters.

*Goodrow*, 119 N.H. at 486 (quotation and citations omitted). This justification for making statutory rape a strict liability crime remains viable, despite decreased regulation of adult consensual sexual activity.

 Statutory rape laws are based upon "a policy determination by the legislature that persons under the age of sixteen are not competent to consent to sexual contact or sexual intercourse." *State v. Jadowski*, 680 N.W.2d 810, 817 (Wis. 2004); *see Collins*, 691 So. 2d at 923. "The statutes are designed to impose the risk of criminal penalty on the adult, when the adult engages in sexual behavior with a minor." *Jadowski*, 680 N.W.2d at 817; *see also Carlson*, 146 N.H. at 59 (defendant placed himself in risky circumstances, relying upon victim's mature behavior to substantiate her representation of her age). In this way, these statutes accomplish deterrence. *Owens v. State*, 724 A.2d 43, 54 (Md.), *cert. denied*, 527 U.S. 1012 (1999). "The reason that mistake of fact as to the [child]'s age constitutes no defense is, not that these crimes like public welfare offenses require no *mens rea*, but that a contrary result would strip the victims of the protection which the law exists to afford." *State v. Yanez*, 716 A.2d 759, 769 (R.I. 1998) (quotation omitted); *see Owens*, 724 A.2d at 54 ("The legislature's decision to disallow a mistake-of-age defense to statutory rape furthers its interest in protecting children in ways that may not be accomplished if the law were to allow such a defense."). "If reasonable mistake were recognized as a defense, the very purpose of the [statutory rape] statute would be frustrated and the deterrent effect considerably diminished." *Collins*, 691 So. 2d at 923.

The defendant next suggests that *Goodrow* is contrary to the modern trend of judicial decisions in this area. He notes that "several state courts have overruled prior precedent and have required either a culpable mens rea or have allowed for some kind of reasonable mistake of age defense." To the contrary, "[i]n most states ... a mistake of age, no matter how reasonable, is no defense." Loewy, *Statutory Rape in a Post Lawrence v. Texas World*, 58 SMU L. REV. 77, 88-89 (Winter 2005); *see* Carpenter, *On Statutory Rape, Strict Liability, and the Public Welfare Offense Model*, 53 AM. U. L. Rev. 313, 316-17 (2003). While "mistake of age" "has been asserted successfully as a defense in several states and is recognized by the Model Penal Code when the child is over the age of ten years, ... this defense remains the minority view. Far more states have rejected [it]." *Collins*, 691 So. 2d at 923.

To the extent that a reasonable mistake of age defense exists in certain states, it is generally because the legislature has amended the applicable statute, not because the judiciary has engrafted this defense onto a statute that does not contain it. Indeed, at oral argument, the defendant conceded that hardly any states have a reasonable mistake of age defense. *See* Carpenter, *supra* at 385-91 (legislatures in three states have enacted statutes in which reasonable mistake of age is a defense regardless of age of victim; legislatures in eighteen states have enacted statutes providing

for defense of reasonable mistake of age depending upon relative age of victim and perpetrator; in remaining twenty-nine states, reasonable mistake of age is no defense to statutory rape). As one commentator has noted, "[I]n more recent times it has been recognized that [whether there should be a reasonable mistake of age defense to statutory rape] is a policy matter that ought to be specifically addressed in the statutory definition of the crime." W. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 17.4(c) at 650 (2d ed. 2003).

For all of the above reasons, we conclude that the defendant has failed to demonstrate that our decision in *Goodrow* is "no more than a remnant of abandoned doctrine." *Jacobs*, 149 N.H. at 505 (quotation omitted).

## II. Changed Circumstances

The defendant next contends that changed circumstances have robbed *Goodrow* of significant application or justification. *Id.* Specifically, he observes that the age of consent has risen while the age at which adolescents are becoming sexually active has declined over time. Further, he notes, the degree of punishment and social ostracism associated with the crime of statutory rape has escalated.

While these legitimate policy concerns might support a reasonable mistake of age defense, we believe that it is up to the legislature, not us, to create one. When we decided *Goodrow*, 119 N.H. at 489, we were "not concerned with the wisdom of the ... law's policy in view of today's sexual mores. Instead, we [were] concerned only with whether the current law violate[d] the Constitution by not allowing for a defense of honest or reasonable mistake."

*Affirmed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.